## Wheeler v. Patrick.

Contested Election Case.

## Wheeler v. Patrick.

Injunction Case No. 1.

## Wheeler v. Patrick.

Injunction Case No. 2.

(Decided October 25, 1921.)

### Appeals from Floyd Circuit Court.

1. Appeal and Error—Record—Schedule—Requisites.—Though the statute directs the clerk to transmit to the Court of Appeals the original papers in a contested election suit, "including such transscript of evidence as may be furnished, or as may be required by the court or by the parties," a schedule which directs the clerk to transmit "such transcript of testimony as may be filed with you" is wholly insufficient, in that it does not specify the names of the witnesses or otherwise designate the parts of the transcript to be transmitted, in such a way as to furnish any definite information on the question.

2. Appeal and Error—Record—Presumption—Affirmance.—Where portions of the evidence bearing on the questions involved are omitted from the record on appeal, it will be presumed that the omitted evidence was sufficient to support the judgment, and the judgment will be affirmed.

3. Elections—Primary Elections—Exclusiveness of Statutory Remedy for Correcting Errors in the Placing or Failing to Place the Names of Candidates on the Primary Ballot.—The remedy afforded by subsection 27, section 1550, Kentucky Statutes, for correcting errors in the placing or failing to place the names of candidates on the primary ballots, is exclusive, and such errors are not available as a ground of contest after the election.

4. Appeal and Error—Dismissal—Want of Actual Controversy—Moot Questions.—Where the defendants in two injunction proceedings have already complied with the orders of the injunction, and the proceedings are not relied on as res judicata and the time has long since passed when anything can be accomplished by either an affirmance or a reversal of the judgments, only moot questions are presented and the appeals will be dismissed.

C. B. WHEELER and JOHN N. HAMILTON for appellant.

JOSEPH D. HARKINS for appellee.

OPINION OF THE COURT BY JUDGE CLAY.—Affirming in the contest case and dismissing the appeals in the injunction cases.

These three appeals have been consolidated and will be considered in one opinion.

C. B. Wheeler and A. T. Patrick were rival candidates for the Republican nomination for circuit judge in the thirty-first judicial district, at the primary election held on August 6, 1921. Patrick was awarded the certificate of election, and Wheeler instituted a contest. Patrick filed an answer and counterclaim denying the grounds relied on by Wheeler and pleading numerous grounds of counter-contest. On final hearing the circuit court dismissed the contest and adjudged Patrick elected. Wheeler appeals.

Subsection 28, section 1550, Kentucky Statutes, provides:

"The party desiring to appeal from the judgment of the court shall, on the same day after the same is rendered, execute a supersedeas bond in the same form and to the same effect as other supersedeas bonds in other civil actions for an appeal to the Court of Appeals, and the clerk shall immediately thereafterwards transmit to the clerk of the Court of Appeals the original papers in

said contest, including such transcript of evidence as may be furnished or as may be required by the court or by the parties, and said record of said contest, when received by the clerk of the Court of Appeals, shall be immediately delivered to the chief justice, and said contest shall have precedence over all other business and causes then pending in the Court of Appeals and shall be heard and disposed of by the Court of Appeals as speedily as the exigencies of the case will admit.''

Two days after the judgment was rendered, appellant filed in the office of the circuit clerk the following schedule:

''The clerk of this court is directed to copy for use in the Court of Appeals, all the orders and judgment entered in this case since its return from the Court of Appeals and to transmit the same together with all the original papers hereof and such transcript of testimony as may be filed with you, to the clerk of the Court of Appeals for use in that court on the trial of this cause on appeal from a judgment of this court entered October 15, 1921.''

Pursuant to this schedule, the clerk transmitted to this court the orders and original papers referred to, together with a transcript of evidence, which shows on its face that it is incomplete and does not contain all the evidence heard. Of course, a party may bring up an incomplete record upon the filing of a proper schedule showing concisely what parts of the record shall be copied or transmitted. Though the statute directs the clerk to transmit to this court the original papers in the contest suit, ''including such transcript of evidence as may be furnished or as may be required by the court or by the parties,'' a schedule which directs the clerk to transmit ''such transcript of testimony as may be filed with you'' is wholly insufficient in that it does not specify the names of the witnesses, or otherwise designate the parts of the transcript to be transmitted, in such a way as to furnish any definite information on the question. The schedule being fatally defective, the result is, that the appellant is here with only a partial transcript of the evidence. It has long been the settled rule in this state, that where portions of the evidence bearing on the questions involved are omitted from the record on appeal, it will be conclusively presumed that the omitted evidence was sufficient to support the judgment, and the judgment will be affirmed. Roundtree v. Meadors, 183 Ky. 47, 209 S. W.

505. This disposes of all the contested issues of fact presented by the pleadings.

One of the grounds of contest, however, is that appellee's name was not properly on the ballot, and the facts are admitted by the pleadings. It appears that appellee filed his own notification and declaration, supported by the affidavits of two reputable electors of the same party, as required by subsection 6, section 1550, Kentucky Statutes, instead of being proposed as a candidate, either by resolution of the proper committee, or by the application of two reputable electors, as required by the Non-Partisan Judiciary Act of 1920. Whether or not the steps taken by appellee constituted a substantial compliance with the provisions of the Non-Partisan Judiciary Act, we deem it unnecessary to determine. Subsection 27, section 1550, Kentucky Statutes, which is a portion of the primary election law, is as follows:

"Whenever it shall be made to appear by affidavit acompanied by a motion, filed in the circuit court in the county where the cause of action arises, as hereinafter provided, that an error or omission has occurred or is about to occur in the placing or failing to place the name of any candidate on the official primary ballot, or that an error or wrong has been or is about to be committed in the printing of said ballots, or any officer has failed or is about to fail to perform any duty imposed by this act, the court shall order the officer or person charged with such error, wrong, neglect or failure to forthwith correct the error, desist from such wrongful act, to supply the failure or to perform the duty, or show good cause why he should not be compelled so to do. Failure to obey the orders of the judge or court shall be treated as contempt of court, and may be punished as such. Any officer whose duty it is to prepare or furnish ballots as required under this act, who shall willfully or neglectfully fail to do so, shall, upon conviction thereof, be fined not less than one thousand ($1,000.00) dollars nor more than two thousand ($2,000.00) dollars for each offense and in addition thereto may be imprisoned in the county jail not less than sixty days nor more than six months. If the circuit court be not in session in the county, the circuit judge of the district in which the county lies shall hear and determine the matter. If the circuit judge of the district in which the county lies be absent from the district, then the motion and affidavit shall be filed before the circuit judge of a contiguous district, if he be therein at the time, and if

not, then before any circuit judge in the Commonwealth. And any of the circuit judges above indicated shall have full power to hear the complaint during court or in vacation in a summary manner, and to determine and make final orders therein, and when any such order is made, it shall be conclusive and not subject to appeal.

"Of the filing of the motion and affidavit, and the time and place of hearing thereon the officer or person against whom same is directed shall have notice, which notice shall be served as notices are directed to be served under the provisions of the Civil Code of Practice.

"Candidates only shall have the right to institute proceedings under this section, and the candidates shall pay the costs of the proceedings."

It will be observed that the statute provides for a remedy in case of an error or omission in placing or failing to place the name of any candidate on the official primary ballot, and provides in substance that only the candidates shall have the right to resort to such remedy. Where there is a failure to place the name of a candidate on the primary ballot, he is the party aggrieved, but where the name of the candidate is improperly placed on the ballot his opponent is the one aggrieved, and may resort to the remedy provided by the statute. While the statute does not so declare, we are of the opinion that the statute, construed as a whole, shows a plain purpose on the part of the legislature to make the remedy exclusive. In the first place, it puts all errors, whether of placing or refusing to place, the name of a candidate on the ballot, in the same category, and provides for a summary method of hearing and determining the questions before the primary takes place. Not only so, but it is not to be supposed that the legislature would have provided that the judgment rendered in such a proceeding was not subject to appeal, and at the same time have left the parties free to disregard the statute and make the error a ground of contest after the election, with the right of an appeal in case of an unfavorable decision. If such were the law, no candidate would ever pursue the remedy provided by the statute for the purpose of contesting his opponent's right to go on the ballot. He would simply await the result of the election, and if defeated, make the error a ground of contest, thus preserving his right of appeal. In such a case, he would be declared elected, although his opponent received a majority of the votes, if it was made to appear that his opponent's name was not properly on

the ballot. The result would be to defeat the popular will, by giving the nomination to a candidate who had not received a majority of the votes, and thus discourage the people from participating in elections. To guard against such results and to inspire confidence in the stability of primary elections by giving effect to the popular will, the legislature intended that all errors in placing or refusing to place the name of a candidate upon the primary ballot should be corrected before the primary, and should not be available after the election as grounds of contest by a defeated candidate.

The two injunction suits were brought by Patrick against the officers of the election in the Mouth of Mud precinct No. 14, and the election commissioners of Floyd county. One was filed with the clerk of the Floyd circuit court, and the other was presented to Circuit Judge William E. Holbert in chambers. In each it was alleged in substance that after the primary election was held, the officers of election certified that Patrick received 77 votes and Wheeler 63 votes, and that after the certificate was returned, it was altered, changed and forged so as to read that Wheeler received 83 votes instead of 63. The petition in each case asked for a mandatory injunction requiring the officers of election to reassemble and correct the certificate so as to make it read as it did before it was changed by forgery. It was also asked that the election commissioners be restrained from certifying the vote to the Secretary of State until after the election officers had assembled and corrected the forgery. Judge Holbert granted an injunction awarding Patrick all the relief asked, and the circuit clerk issued the restraining order, restraining the election commissioners from certifying the result to the Secretary of State until the officers of election had assembled and corrected their certificate. Pursuant to the order of injunction, the officers of election did assemble and correct their certificate. Whereupon, two of the election commissioners signed an amended certificate conforming to the corrected certificate of the officers of election, and the amended certificate was transmitted to the Secretary of State, who thereafter issued a certificate of election to Patrick. A few days later orders were entered filing each of the causes away. Some time thereafter, Wheeler intervened in each action and asked that the orders filing the cases away be set aside, and that he be permitted to file his petition and be made a party defendant. These motions

were sustained. Thereupon Wheeler filed a special demurrer in each case, and, without waiving the special demurrers, filed a general demurrer and an answer denying the allegations of the petition. On final hearing it was adjudged that the injunctions theretofore granted in each case should be made perpetual.

It is the contention of appellant that as the officers of election had made their certificate as required by law, a court of equity had no power to cause them to reassemble and make a new certificate or correct the old. It is further contended that the proceedings were void as to him because he was not a party to the actions, and the whole relief asked was granted without notice. If appellee had relied solely on the plea of *res judicata* to support the claim of forgery in the certificate, it would be necessary for us to determine whether or not the injunction proceedings were regular and valid. As a matter of fact, however, appellee pleaded the forgery of the certificate as a ground of counter-contest, and as before stated, we must presume that the omitted portions of the evidence were sufficient to support the judgment on this question. That being true, and all the defendants in the injunction proceedings having already complied with the orders of injunction, the time has long since passed when anything can be accomplished by either an affirmance or a reversal of the judgments. Hence only moot questions are presented, and the appeals will be dismissed. Searcy v. Fayette Home Tel. Co., 143 Ky. 811, 137 S. W. 777.

Wherefore, the judgment in the contest case is affirmed and the appeals in the two injunction cases are dismissed. The mandate will issue immediately and the clerk of this court is hereby directed to certify the result to the Secretary of State, and to the county court clerk of Knott and Floyd counties.