## Bingham v. Smith and Duff, Jr.

(Decided September 29, 1925.)

### Appeal from Perry Circuit Court.

1. Elections—If Facts Alleged Show Eligibility to Hold Office, Not Necessary for Contestant to Allege that he was Eligible.—In contest of primary election, it was not necessary to allege that contestant was eligible to hold the office, if the facts alleged showed he was eligible under Constitution, section 100.

2. Elections—Contestant of Primary Election Need Only Allege, in Substance, that he was Candidate for Office in Question, and that His Name Appeared on Ballot.—It is only necessary in primary election contest to allege, in substance, that the contestant was a candidate for the office in question, and that his name regularly

appeared on the official ballot, since Ky. Stats., section 1550-27, is exclusive for correcting errors and placing name on primary ballots, and such errors are not available as ground of contest after election.

3. Elections—Allegation of Bribery in Election Contest Need Not Aver that Bribery Affected Result.—An allegation in a primary election contest, that opponent used bribery, need not aver that alleged bribery affected the result, under Ky. Stats., section 1565b-11, which provides that election obtained by bribery is void.

4. Elections—Indefinite Allegations of Bribery in Primary Election Contest Not Properly Attacked on Demurrer.—Indefinite allegations of bribery in primary election contest are not properly attacked on demurrer, the proper remedy being by motion or rule to make more specific.

SAUFLEY & WARD for appellant.

MORGAN, EVERSOLE & BOWLING for appellees.

Opinion of the Court by Judge Clay—Reversing.

At the primary election held in Perry county on August 1, 1925, J. A. Smith, E. C. Duff, Jr., T. G. Bingham and others were candidates for the Republican nomination for county judge. T. G. Bingham received 841 votes, E. C. Duff, Jr., 1,290 votes, J. A. Smith 1,742 votes, and each of the other candidates received a less number of votes than T. G. Bingham. On August 5, 1925, the board of election commissioners canvassed the returns and awarded the certificate of nomination to J. A. Smith.

On August 6, 1925, T. G. Bingham served notice and grounds of contest on J. A. Smith. On the next day he served amended notice and grounds of contest on E. C. Duff, Jr. After the filing of various motions and pleadings, the court sustained a demurrer to the notice and amended notice of contest and dismissed the proceeding. Bingham has appealed.

In addition to other allegations we find the following in the notice and amended notice of contest:

"The contestant, T. G. Bingham, says that on and before the 1st Saturday in August, 1925, he was more than twenty-four years of age and a citizen of Kentucky, and had resided in the state of Kentucky and within Perry county continuously for more than two years, and that desiring to become a candidate for the Republican nomination for the office of county judge of Perry county he had at the proper time

and at the proper place and before the proper officer filed his 'notification and declaration' to that effect, all as required by law, and that thereafter and at the proper time, proper place and before the proper officer he had filed as required by law an itemized account of his expenditures and contributions toward securing said nomination, as required by law, and that thereafter his name was legally placed upon each and all of the Republican ballots used at the said primary election as a candidate for the said. nomination and on the day of the said election his name was legally on each and all of said ballots used in Perry county as such candidate.

"Contestant says that at the same election there appeared upon each and all of said ballots as candidates for the same nomination the names of the contestee herein, J. A. Smith, and of E. C. Duff, Jr., and various other candidates. . . .

"The contestee, J. A. Smith, in securing said nomination and in his efforts toward securing said nomination was guilty of gross violations of what is known as the 'Corrupt Practice Act,' being sections 1565b-1 to 1565b-11, inclusive, of the Kentucky Statutes, in that the said J. A. Smith did before the said election and on the day of the said election expend, contribute, promise and pay money to different persons for the purpose of buying and having bought different voters to cast their votes for him for said nomination for said office, and did knowingly and willingly suffer and permit others for and in his behalf to arrange for, expend, promise, pay to and have paid to others, money and other things for the purpose of bribing and influencing voters to vote for him to secure the said nomination, and the said J. A. Smith on the 1st day of August, 1925, did purchase and buy voters with money and other things to vote for him for said nomination and he on that day knew that others were purchasing and buying voters with money and other things to vote for him for said nomination."

After making the same allegations in regard to E. C. Duff, Jr., the notice alleged that the contestant did not violate any of the provisions of the Corrupt Practice Act, and concluded with the prayer that he was entitled to, and should be awarded, the certificate of nomination.

It is first insisted that the notice was insufficient because it failed to allege that contestant was eligible to hold the office of county judge. Whether eligibility should be pleaded in a case like this we need not decide. It is sufficient to say that while eligibility was not pleaded in terms, the notice does allege that at the time of the election contestant was more than twenty-four years of age, a citizen of Kentucky, and had resided in the state of Kentucky and in Perry county continuously for more than two years. In other words, the facts alleged show that he was eligible to hold the office. Section 100, Constitution.

The point is also made that the demurrer was properly sustained because the allegation that the notification was filed at the proper time, at the proper place, and before the proper officer, was but a conclusion of law. It must not be overlooked that the remedy afforded by subsection 27, section 1550, Kentucky Statutes, for correcting errors in the placing or failing to place the names of candidates on the primary ballots is exclusive, and such errors are not available as a ground of contest after the election. Wheeler v. Patrick, 192 Ky. 529, 233 S. W. 1054. That being true, contestant need have gone no further than allege in substance that he was a candidate for the office in question at the primary election, and that his name regularly appeared on the official ballot as such candidate at such election.

The further point is made that the notice did not aver that the alleged bribery affected the result. Section 1565b-11, Kentucky Statutes, is as follows:

"In any contest over the nomination or election of any officer mentioned in this act, it may be alleged in the pleadings that the provisions of this act have been violated by the candidate or by others in his behalf with his knowledge, and if it so appears upon the trial of said contest, then said nomination or election shall be declared void, and it is hereby provided that the candidate who has received the next highest number of votes and who has not violated the provisions of this act shall be declared nominated (or elected) unless it also appears that one of the parties to the contest received a plurality of the votes cast and did not violate the provisions of this act."

Under this section the election of the successful candidate may be declared void for a violation of the provis-

ions of the act, and it is not necessary to allege that the result of the election was affected by such violation. Hardin v. Horn, 184 Ky. 548, 212 S. W. 573.

It is true that the allegations of bribery are general and indefinite with respect to time, place, persons bribed, and persons committing bribery in contestee's behalf and with his knowledge, but these defects do not render the notice and grounds bad on demurrer. Burke v. Greer, 197 Ky. 555, 247 S. W. 715. Inasmuch, however, as the statute was not designed merely to afford a fishing excursion on the part of a defeated candidate to find out whether or not contestee indulged in bribery, but was enacted for the purpose of enabling a defeated candidate to prosecute a *bona fide* contest where he had knowledge or reliable information that the contestee was guilty of bribery, we conclude that where the notice and grounds are so vague, general and indefinite as not to apprise the contestee of the precise charges which he will be required to meet, the proper remedy is by motion or rule to make more specific.

From what has been said it follows that the demurrer to the motion and grounds should have been overruled.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion, and the clerk will issue a forthwith mandate.