## Faulkner v. Asher.

(Decided October 7, 1927.)

### Appeal from Leslie Circuit Court.

1. Judgment.—Election contestant was not bound by judgment denying third candidate's petition for injunction against placing contestee's name on primary election ballots, even if allegations thereof had not been materially different from those in notice of contest.

2. Elections.—Contestant, not asserting right under Ky. Stats., sec. 1550-27, to prevent placing of opponent's name on primary election ballot, cannot rely on error in so doing as ground for contesting latter's nomination; statute providing exclusive remedy for errors in placing, as well as in failing to place, names on ballots.

H. C. FAULKNER and T. E. MOORE, JR., for appellant.

MORRIS & JONES, J. M. BICKNELL and M. C. BEGLEY for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Ernest Faulkner and John H. Asher were rival candidates for the Republican nomination for commonwealth's attorney in the Thirty-Third judicial district, composed of Leslie and Perry counties, at the primary election held on August 6, 1927. There were two other

candidates for the nomination. The appellee, John H. Asher, received 3,430 votes; the appellant, Ernest Faulkner 2,435 votes; Farmer J. Eversole, 1,657 votes; and Jas. C. Begley, 433 votes. Asher was awarded the certificate of nomination and Faulkner instituted a contest.

The sole ground of contest is that Asher was ineligible to hold the office of commonwealth's attorney at the time of his nomination, and will be ineligible at the time of his induction into office on January 1, 1928. In the notice and grounds of contest it was alleged in substance that Asher was not a licensed, practicing lawyer for four years before he secured the nomination for the office of commonwealth's attorney, nor will he have been a licensed, practicing lawyer for four years before January 1, 1928, the date he will be inducted into office, if elected, and that, therefore, he is not eligible to hold the office under section 100 of the Constitution. The court sustained a demurrer to the notice of contest and dismissed the proceeding. Faulkner has appealed.

John L. Dixon was an announced candidate for the Republican nomination for commonwealth's attorney for the Thirty-Third judicial district, and, before the primary election, filed in the Franklin circuit court a petition, in which he sought to enjoin the secretary of state from placing or causing to be placed or printed upon the primary election ballots of the Thirty-Third judicial district the name of John H. Asher as a candidate for the Republican nomination for commonwealth's attorney, and from certifying or attempting to certify his name to the county court clerks of Perry and Leslie counties, on the ground that Asher was ineligible to hold the office by reason of not having been a licensed, practicing lawyer for four years prior to January 1, 1928. The circuit court sustained the demurrer to Dixon's petition and overruled his motion for a temporary injunction. Dixon then made a motion before a judge of this court to grant the temporary injunction prayed for in the petition, which was overruled. The allegations contained in Dixon's petition were materially different from those in appellant's notice of contest in this case; but in any event appellant was not bound by any judgment in that proceeding.

Subsection 27, section 1550, Kentucky Statutes, is as follows:

"Whenever it shall be made to appear by affidavit accompanied by a motion, filed in the circuit

court in the county where the cause of action arises, as hereinafter provided, that an error or omission has occurred or is about to occur in the placing or failing to place the name of any candidate on the official primary ballot, or that an error or wrong has been or is about to be committed in the printing of said ballots, or any officer has failed or is about to fail to perform any duty imposed by this act, the court shall order the officer or person charged with such error, wrong, neglect, or failure to forthwith correct the error, desist from such wrongful act, to supply the failure, or to perform the duty, or show good cause why he should not be compelled so to do. Failure to obey the orders of the judge or court shall be treated as a contempt of court, and may be punished as such. Any officer whose duty it is to prepare or furnish ballots as required under this act who shall willfully or neglectfully fail to do so, shall, upon conviction therefor be fined not less than one thousand dollars ($1,000) nor more than two thousand dollars ($2,000) for each offense and in addition thereto may be imprisoned in the county jail not less than sixty days nor more than six months. If the circuit court be not in session in the county, the circuit judge of the district in which the county lies shall hear and determine the matter. If the circuit judge of the district in which the county lies be absent from the district, then the motion and affidavit shall be filed before the circuit judge of a contiguous district, if he be therein at the time, and if not, then before any circuit judge in the commonwealth. And any of the circuit judges above indicated shall have full power to hear the complaint during court or in vacation in a summary manner, and to determine and make final orders therein, and when any such order is made, it shall be conclusive and not subject to appeal.

"Of the filing of the motion and affidavit and the time and place of hearing thereon the officer or person against whom same is directed shall have notice, which notice shall be served as notices are directed to be served under the provisions of the Civil Code of Practice.

"Candidates only shall have the right to institute proceedings under this section, and the candidates shall pay the costs of the proceedings."

In construing this subsection in Wheeler v. Patrick, 192 Ky. 529, 233 S. W. 1054, this court said:

"It will be observed that the statute provides for a remedy in case of an error or omission in placing or failing to place the name of any candidate on the official primary ballot, and provides in substance that only the candidates shall have the right to resort to such remedy. Where there is a failure to place the name of a candidate on the primary ballot, he is the party aggrieved, but where the name of the candidate is improperly placed on the ballot his opponent is the one aggrieved, and may resort to the remedy provided by the statute. While the statute does not so declare, we are of the opinion that the statute, construed as a whole, shows a plain purpose on the part of the Legislature to make the remedy exclusive. In the first place, it puts all errors, whether of placing or refusing to place, the name of a candidate on the ballot, in the same category, and provides for a summary method of hearing and determining the questions before the primary takes place. Not only so, but it is not to be supposed that the Legislature would have provided that the judgment rendered in such a proceeding was not subject to appeal, and at the same time have left the parties free to disregard the statute and make the error a ground of contest after the election with the right of an appeal in case of an unfavorable decision. If such were the law, no candidate would ever pursue the remedy provided by the statute for the purpose of contesting his opponent's right to go on the ballot. He would simply await the result of the election, and, if defeated, make the error a ground of contest, thus preserving his right of appeal. In such a case, he would be declared elected, although his opponent received a majority of the votes, if it was made to appear that his opponent's name was not properly on the ballot. The result would be to defeat the popular will, by giving the nomination to a candidate who had not received a majority of the votes, and thus discourage the people from participating in elections. To guard against such results and to inspire confidence in the stability of primary elections by giving effect to the popular will, the Legislature intended that all errors in placing or re-

fusing to place the name of a candidate upon the primary ballot should be corrected before the primary, and should not be available after the election as grounds of contest by a defeated candidate.''

It is earnestly and forcefully argued by counsel for appellant that subsection 27 of section 1550, Kentucky Statutes, was only intended to provide a remedy to any complaining party for any error that might occur when he was attempting to get his name on the ballot or error in the printing of the ballot and was not intended to provide a remedy for an error which might arise by the wrongful placing of a name on the ballot other than that of the complaining party, and he insists that that portion of the opinion in the Patrick case quoted above was not necessary to the decision of the question in issue.

We have again carefully considered subsection 27 of section 1550 in the light of the opinion in the Patrick case, and conclude that the construction placed thereon in that portion of the opinion quoted above is salutary and proper. In enacting section 1550-27 it was clearly the purpose of the Legislature to provide a remedy for errors in placing the names of candidates on the primary ballots, as well as failing to place their names thereon, and the remedies provided by the statute are exclusive, and such errors are not available as grounds of contest after a primary election. The appellant failed to assert before the primary election was held any right that he might have had to prevent appellee's name from being placed on the ballot as a candidate for the nomination for commonwealth's attorney, and, as a defeated candidate, he cannot after the election rely upon such errors as grounds of contest.

The demurrer to appellant's notice and grounds of contest was properly sustained, and the judgment is affirmed. The mandate will issue immediately.