## Wooton v. Smith.

Oct. 24, 1941.

D. G. Boleyn and Dennis B. Wooton for appellant.

T. E. Moore, Jr., and John A. Campbell for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Because of the emergency situation, on October 3, 1941, the judgment appealed from was reversed by an order in which it was stated that an opinion would be later prepared and filed, and this opinion is in compliance therewith.

The parties were rival candidates in the August, 1941, Primary election for the Republican nomination for the office of county judge of Perry County, and, of course, each of their names was printed on the official Republican Primary ballot to be voted in that election. Upon a canvass of the returns the county election board certified appellee, and contestee below, to have received 1,432 votes, whilst the appellant and contestant below received 1,033 votes—thus giving the nomination to contestee and there was issued to him a certificate to that effect. In due time contestant filed this action in the Perry circuit court contesting the nomination of appellee on the ground that he and his friends, with his knowledge, consent and acquiescence had violated the Corrupt Practice Act (Sections 1565b-1 to and including 1565b-21 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes) in a number of respects, and for which reason he forfeited his right to receive the nomination. The petition also averred that contestant was guiltless of any such violations. Contestee filed a special demurrer to the petition and without waiving it filed a general demurrer thereto and without waiving either filed answer. The demurrers were argued, but before the court passed on them contestant tendered and offered to file an amended petition correcting the alleged errors therein as a basis for the demurrers filed thereto, but it being offered after the time within which contest proceedings might be instituted, the court overruled contestant's motion to file it and then sustained both the special and general demurrers to the petition and dismissed it, from which judgment this appeal is prosecuted.

It is not made clear in briefs of counsel the ground

upon which the court sustained the special demurrer to the petition, and we have been unable to find any legal ground therefor, and for which reason the court's ruling thereon will not be further discussed other than to express our conclusion that the order sustaining it was and is erroneous. It should have been overruled.

The brief for appellee contains two arguments in support of the judgment: (1) That the petition was fatally defective, and that the court properly sustained the general demurrer filed thereto, and (2) that it was not subject to amendment because Section 1550-28 of our Statutes, as amended by chapter 62 of the Acts of 1934, expressly forbids such an amendment when offered to be filed after the time for the filing of contest proceedings. A determination of those questions will now be made.

1. In support of argument (1) it is insisted that contestant's petition failed to aver the particular nomination sought by him and his opponent in the Primary election, i. e., that of the *Republican* candidacy for the office of county judge of Perry County. It is also insisted that the petition failed to aver that the contestant was a registered Republican, or that his nomination papers were filed before the proper officer, or that he received the second highest number of votes cast in the Primary election, or that he filed his pre-election expense account, and for which reasons the petition was defective. Upon examination of the petition, however, we conclude that counsel, as well as the trial judge, were each mistaken in their interpretations of the petition. It alleges that within the proper time contestant "filed his notification and declaration as a candidate for county judge of Perry county, Kentucky, and that he is and was duly qualified to hold and have the said office and nomination for county judge of the Republican party." In averring the results of the election the petition states that the county election board gave the certificate of nomination "by the Republican party for said office" to the contestee after having found that he received a plurality of the votes cast at the election. Further along in the petition it is averred "that the defendant and contestee colluded with different candidates for the Republican nomination for the other offices of Perry county," &c. Finally, the prayer of the petition is "that contestant be declared the duly Republican nominee for county judge of Perry County." Perhaps the more formal

place in the petition for the statement of the office, as well as the party whose nomination contestant sought, would have been at the beginning of the pleading, but such documents should be considered from their four corners and if necessary allegations are contained anywhere therein, although not at the most appropriate place, the pleading will not be considered as fatally defective therefor. Goad v. Jackson, 270 Ky. 92, 109 S. W. (2d) 17. The petition, therefore, met this objection thereto in all respects.

Neither are we prepared to say that the failure of the petition to allege the other matters referred to rendered it insufficient. But were it otherwise they can not be raised in this contest proceedings, which necessarily arose after the holding of the primary election. Section 1550-27 of our Statutes—as amended by chapter 83, page 399, of the Acts of 1914—creates a remedy by which a candidate may compel the proper authority to print his name as a candidate for a particular office on an official primary election ballot, and also a remedy by which an opposing candidate may prevent the printing of the name of another on such ballot as a candidate against him for the same office. In a number of cases cited in the notes to that section we have construed it as providing for an exclusive remedy for the particular relief therein referred to, and unless it was invoked before the primary election then it will be presumed that anyone whose name was printed on the official primary election ballot possessed the qualifications, not only for the nomination for the particular office he seeks, but also to fill the office at the succeeding general election. The cases so cited in the notes are: Wheeler v. Patrick, 192 Ky. 529, 233 S. W. 1054; Bingham v. Smith, 210 Ky. 256, 275 S. W. 811; Faulkner v. Asher, 221 Ky. 272, 298 S. W. 691, and Schardein v. Harrison, 230 Ky. 1, 18 S. W. (2d) 316. It is, therefore, clear that the court erred in sustaining the demurrer to the petition.

2. Our conclusion as to the sufficiency of the petition renders argument (2) entirely moot, since if the petition was sufficient, as we have concluded it was, then no amendment thereto was necessary. But we interpret Section 1550-28 of our Statutes, supra, as not forbidding the character of amendment offered to be filed in this case. The only language contained in that section as supporting this argument is "and no *ground* of contest

by either party shall be filed or made more definite by amendment after the expiration of the time given herein to file same.'' (Our emphasis.) It will be perceived that such forbidden amendments relate to the bringing in of additional *grounds* of contest, or amending those set out originally in the petition. The matter set up in the amendment tendered in this case did not relate to any of the grounds of contest, or to inject into the case for the first time any new ground of contest. Prior to the enactment of the section referred to, we in a number of cases—among which are Clark v. Robinson, 159 Ky. 25, 166 S. W. 801; Taylor v. Nuetzel, 220 Ky. 510, 295 S. W. 873; Herald v. Turner, 237 Ky. 827, 36 S. W. (2d) 623, and Campbell v. Combs, 273 Ky. 404, 116 S. W. (2d) 955—held that pleadings in election contest cases might be amended as authorized by Section 134 of our Civil Code of Practice, but since the enactment of Section 1550-28 of our Statutes the practice of allowing such amendments after the time expires for filing contests was curtailed so as not to apply to the *grounds* of contest, and since the tendered amendment in this case did not relate to any grounds of contest it follows that the court erred in not permitting it to be filed.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside, and for proceedings not inconsistent with this opinion.