# Brown v. Read et al.

October 4, 1949.

Thomas W. Hardesty for appellant.

Gregory Hughes and Howell W. Vincent for appellees.

JUDGE HELM—Affirming.

Appellant, Percie P. Brown, and appellees, Fred K. Read and Louis W. Gorman, were candidates for the Democratic nomination for Justice of the Peace in the First Magisterial District of Kenton County at the primary election August 6, 1949. The vote was as follows: Read, 1214; Gorman, 373; Brown, 172.

In his petition appellant alleges that prior to that election Read and Gorman filed notifications and declarations for "nomination to the office of Magistrate of the First Magisterial District of Kenton County, Kentucky, which office is non-existent. * * * That the notifications and declarations filed by Fred K. Read and Louis Gorman for the office of Magistrate were not supported by affidavits of qualified Democratic Electors from the First Magisterial District of Kenton County," and that Read has been a nonresident of the First Magisterial District for more than one year.

Read demurred to the petition, and without waiving his demurrer filed answer traversing the petition and pleading that appellant had, on July 29, 1949, filed Action No. 52263 in the Kenton Circuit Court against appellees and Sam Furste. County Court Clerk of Kenton County, as provided in KRS 119.170, requesting that the clerk be enjoined from placing the names of Read and Gorman upon the Democratic primary ballot at the August 6, 1949, primary election; that the term "Magistrate" is a generic term embracing the term "Justice of the Peace;" that prior to the primary he had filed an amendment to his notification and declaration, and that the former action is res adjudicata. The record in the former case is made a part of the record in this case. To Read's answer plaintiff demurred.

In his original action filed on July 29, appellant states that "he is a candidate for Magistrate in the First Magisterial District," and that one of the signers of

Read's declaration and one of the signers of Gorman's declaration for nomination are nonresidents of the First Magisterial District of Kenton County. In that action the trial court filed an opinion in which it said:

"Sub-section 3, KRS 119.050, provides: 'At the time of filing his notification and declaration, the candidate shall file therewith an affidavit of two reputable electors who are members of the party to which the candidate belongs.'

"There is neither pleading nor proof that the two signers of the affidavits which accompanied the notification and declaration of these candidates are not qualified electors. To the contrary, the proof is that all four signers are qualified electors of this county and state.

"The statute does not say that the affidavit must be signed by an elector of the justice's district. * * *

"It is our opinion that the signers to the affidavits accompanying the declarations for office of these candidates possessed all the necessary legal qualifications," and adjudged that:

"The Court having heard proof upon the plaintiff's motion * * * it is now ordered and adjudged that the petition * * * be dismissed and that the said defendant, Sam Furste, Clerk, * * * place upon the official ballot the names of these candidates to be voted upon for the office of Justice of the Peace in the Democratic primary August 6, 1949."

Under KRS 119.170 this judgment is "conclusive and not subject to appeal." Wooton v. Smith, 288 Ky. 48, 155 S. W. 2d 466; Faulkner v. Asher, 221 Ky. 272, 298 S. W. 691; Bingham v. Smith, 210 Ky. 256, 275 S. W. 811; Wheeler v. Patrick, 192 Ky. 529, 233 S. W. 1054. See Annotations to KRS 119.170.

In the present action the appellant, in support of his plea that a mandatory injunction issue requiring the appellees—Thomas Fitzpatrick, Leonard Conners, and Ralph Rich, election commissioners—to issue a certificate of nomination to him, calls our attention to KRS 118.080 providing that subscribers shall be legally qualified to vote for the candidate. That section, however, deals with nomination of independent candidates by peti-

tion and has no connection with the notification and declaration of candidates for a place on a primary ballot, as provided by KRS, Chapter 119. He also calls our attention to KRS 119.200, but it deals only with the qualification of voters at a primary election. He calls our attention to Ison et al. v. Weddle et al., 226 Ky. 201, 10 S. W. 2d 814, but again this case deals with petitions for nomination and not with primary elections.

Appellant agrees that through popular usage the term "Magistrate" includes the term "Justice of the Peace." This is true. See 26 Words and Phrases, Perm. Ed., pages 37-39; Ky. Criminal Code of Practice, sec. 26. But he suggests that in view of the wording of the Kentucky Constitution, sec. 99, Read and Gorman should have used the words "Justice of the Peace" in their notifications and declarations. Be this as it may, these are matters which appellant could have raised in the former case filed on July 29, 1949.

In Stone et al. v. Winn et al., 165 Ky. 9, 176 S. W. 933, 938, we said: "The rules of res judicata means * * * That where a question or a fact is once litigated and determined by the judgment of a court of competent jurisdiction, no fact or question that was therein litigated, or could have been litigated, can thereafter be relitigated by the same parties, or their privies. The rule was recognized by this court in many cases."

All of the questions raised here were, or could have been, raised in the former action. That being true, appellant is estopped to prosecute this action.

The judgment of the Circuit Court is affirmed.