**George H. THOMPSON, Petitioner,**

**v.**

**Jennings WOOD, Judge, Larue Quarterly Court, Respondent.**

Court of Appeals of Kentucky.

March 4, 1955.

Rehearing Denied April 29, 1955.

J. Howard Holbert, Elizabethtown, for petitioner.

J. D. Buckman, Jr., Atty. Gen., Jo M. Ferguson, Asst. Atty. Gen., for respondent.

HOGG, Justice.

This is an original proceeding for a writ of prohibition, seeking to prohibit the respondent, Honorable Jennings Wood, as Judge of the Larue Quarterly Court, from proceeding further in the case of Commonwealth of Kentucky v. Thompson, pending in the Larue Quarterly Court, and for an order directing respondent to release Thompson from custody pending final de-

termination of the case. A temporary writ of prohibition was granted by a Judge of this Court on January 24, 1955.

It is alleged in the petition, and shown by his affidavit, that on January 11, 1955, as the result of an automobile collision, Thompson was given a citation by a state policeman which charged him with "failing to grant right of way." On that date he appeared in the Larue Quarterly Court before Judge Wood and, without being advised of his rights, was informed that if he would bring the sum of $19.50 and pay it to the court the lowest fine would be assessed against him; that he was permitted to leave for the purpose of securing the money and returning with it; that he returned with his employer and another, without the money, to consult with the respondent; that the next morning he employed an attorney to represent him in the matter; that upon the advice of his attorney he again appeared before the respondent on January 19, 1955 and moved the court for permission to change his plea from that of guilty to not guilty, but that respondent refused him permission to make the change in plea; that at the same time, on his motion, he was granted until January 24, 1955 within which to file his motion and grounds for a new trial, and was permitted to execute bond for his appearance on that day; that on January 19, when he appeared, a warrant was served upon him charging him with contempt of court, based upon the fact that he had failed to return to the court with the money on January 11; that on January 19 respondent stated to him that he had never heard of any one changing a plea of guilty to not guilty, and that Thompson had already been granted a trial and if anything was done toward granting him a new trial it would have to be done in a higher court.

Thompson alleges, and by his affidavit states, that he asked the respondent to vacate the bench on that date, to wit, January 19; that the respondent refused to consider the motion and announced he would have nothing more to do with the case and ordered Thompson committed to jail. Thompson further states that there was no valid judgment against him at the time of

his commitment, and that he was never served with a warrant or summons, except the state police citation, which informed him of the nature of the charge against him. He does not claim that he ever filed any written motion and grounds for a new trial.

In response to these allegations made by petitioner, respondent shows by his written response, and by affidavits, that when Thompson appeared before respondent he was informed of his rights, entered a plea of guilty and was adjudged guilty on January 11, and was permitted by the court to go to get the money with which to pay his fine but that he never again appeared in court until January 24, 1955 when he came with his counsel, Mr. Holbert, at which time he filed a motion to have respondent to vacate the bench and grant a new trial, all of which respondent overruled, and remanded the petitioner to jail. This position of respondent is abundantly supported not only by the affidavit of respondent himself, but by the affidavits of the county attorney, the sheriff, and a deputy sheriff, officers of Larue County. In fact, there is no statement of fact in this case which would indicate that the court proceeded erroneously on the plea of guilty at the first hearing. The petitioner himself states that, "there might have been something more to it that he didn't understand."

Petitioner comes to this Court in effect asking us to order the trial judge to grant a new trial, to compel the judge to step aside and not pass upon a motion and grounds for a new trial that might be filed, and asking us to order him released perpetually from custody.

The verified response to the petition for this writ shows that petitioner submitted to the law and facts and was given the minimum fine of $10 and the costs upon the charge of reckless driving, and that on that day, to wit, January 11, 1955, respondent entered upon the record book of the court a minute showing those facts. The response further shows that on January 11, 1955 a judgment in the regular form was entered against petitioner.

There is some hint in the petition filed that the judgment was not entered until the day petitioner got ready to file this original action in this Court, but the record plainly shows that any such suspicion is unfounded.

On the record before us we do not believe that we would be justified in issuing a writ of prohibition in this case. We believe, assuming all that petitioner says is true, such a writ would not be justified.

From a long line of cases it seems now well settled in this state that writs of prohibition will issue from this Court to prohibit inferior courts in all cases where, (1) they are threatening to proceed or are proceeding in a matter where they have no jurisdiction and there is no remedy through an application to an intermediate court, and (2) where they, although having jurisdiction, are exercising or about to exercise it erroneously *and* great injustice and irreparable injury would result to the applicant if they should do so, *and* there exists no other adequate remedy by appeal or otherwise. Stafford v. Bailey, 301 Ky. 155, 191 S.W.2d 218; Carey v. Sampson, 150 Ky. 460, 150 S.W. 531; Rallihan v. Gordon, 176 Ky. 471, 195 S.W. 783; Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S.W. 178, and a long list of cases cited in those cases.

This Court has steadfastly adhered to the proposition that without the element of "great injustice," "great and irreparable injury," our original jurisdiction would not be exercised where the inferior court was proceeding within its jurisdiction, although erroneously and without the right of appeal or other remedy. Such a writ should never be issued save in exceptional, very extraordinary, and unusual cases. Gilman v. Doak, 194 Ky. 21, 237 S.W. 1069; Litteral v. Woods, 223 Ky. 582, 4 S.W.2d 395. Also, cf. Wright v. City of Hazard, 232 Ky. 407, 23 S.W.2d 590, and other cases cited therein.

Petitioner does not bring himself within that part of the rule to the effect that great and irreparable injury will be done him if the writ be not granted, since the only punishment inflicted, a fine of $10 and costs, is of such minor severity as that the Legis-

lature did not believe it of sufficient importance to provide for an appeal to the circuit court. Were this Court to intervene in such a situation as this, it would tend to turn this Court into a trial court to ascertain the guilt or innocence of those being tried in inferior courts.

It follows that the temporary writ heretofore issued should be dissolved and discharged, and that petitioner's application to make the writ permanent should be denied, and his petition is accordingly adjudged dismissed.