**Gerald James WALTERS, Petitioner,**

v.

**Dan E. FOWLER, Judge of Fayette Quarterly Court, Respondent.**

Court of Appeals of Kentucky.

June 17, 1955.

Thomas Underwood, Jr., Lexington, for appellant.

Charles Wylie, Lexington, for appellee.

MONTGOMERY, Judge.

Gerald James Walters seeks a writ of prohibition against Dan E. Fowler, Judge of the Fayette Quarterly Court. The petitioner was tried and convicted in the Fayette Quarterly Court upon a warrant charging breach of the peace. By this writ, he seeks to prevent the collection of a $5 fine and costs levied against him.

Petitioner and about 113 other people were arrested on May 20, 1955, while attending the Donagene Club located on the Richmond Road in Fayette County, Kentucky. He complains that many prejudicial errors were committed upon the trial. He also urges that he will suffer great and irreparable damage if such a conviction is upheld, and that the commission of the trial errors, collection of the fine, and refusal of a new trial are substantial failures of due process under the United States Constitution, Amendment XIV, Section 1, and the Constitution of Kentucky, Section 11.

We do not find it necessary to detail the evidence bearing upon the guilt or innocence of the petitioner or to discuss specifically each of the errors assigned. None of the errors complained of rendered the judgment void. We feel that the recent ruling in Thompson v. Wood, Ky., 277 S.W. 2d 472, decided March 4, 1955, rehearing denied April 29, 1955, is controlling. It was there held that the imposition and collection of a fine for $10 and the costs by a court of competent jurisdiction was not such great injustice or great and irreparable injury as would justify the use of the

writ of prohibition. It is conceded in the instant case that the inferior court was proceeding within its jurisdiction.

This result may seem harsh to the petitioner, and we are inclined to feel sympathetically toward him. However, the Legislature, in its wisdom, has not seen fit to authorize an appeal from a $5 fine. The proceeding used by petitioner is nothing more than an attempt to appeal from the judgment of an inferior court when no such appeal is authorized. The failure or refusal of the Legislature to provide for such an appeal is within its power and discretion. Lakes v. Goodloe, 195 Ky. 240, 242 S.W. 632.

For the reasons stated in Thompson v. Wood, supra, the writ of prohibition is denied.