**Hugo TAUSTINE, Judge, etc., et al.,**
**Appellants,**

v.

**Sam THOMPSON et al., Appellee.**

Court of Appeals of Kentucky.

March 13, 1959.

Dissenting Opinion April 10, 1959.

Foster E. DeWees, Robert L. Durning, Jr., Louisville, for appellants.

Louis Lusky, Marvin H. Morse, Louisville, for appellee.

SIMS, Judge.

This appeal is from a judgment of the Jefferson Circuit Court, Common Pleas Branch, Fifth Division, granting Sam Thompson a writ of habeas corpus against Hon. Hugo Taustine, Judge of the Police Court of Louisville, Kenneth Wildt, Bailiff of that court and Solon Russell, Sheriff of Jefferson County, wherein appellants were ordered to release Thompson from custody upon his executing bond in the sum of $35 in order that he may file in the United States Supreme Court on or before May 4, 1959, his petition for a writ of certiorari. The judgment further recites that if Thompson does not file his petition for certiorari on or before that date, or if such writ is not granted, or if the judgments of the police court are affirmed by the Supreme Court, then Thompson shall surrender himself and serve the judgments of the police court.

The petition in the circuit court averred Thompson was convicted in the police court on the charges of loitering and of disorderly conduct and he was fined $10 in each case, which fines are too small to be appealable to any court in Kentucky, KRS 26.080(1); that appellee is a poor person and cannot pay these fines and must serve them out in jail at the rate of $2 per day. The petition further avers Thompson is not guilty of the charges upon which he was convicted and that no evidence was introduced to support such judgments; that at the close of the prosecution's evidence in each case Thompson moved for the dismissal of the charge on the ground that he was deprived of his liberty without due process of law under the Fourteenth Amendment of the Federal Constitution, which motions were overruled; that the two fines would be served out in jail in ten days which would not allow him

sufficient time to prepare and file his petition for certiorari and the question would be moot before he could get a hearing on his petition in the Supreme Court; that appellee applied to the police judge for a stay of execution, but under KRS 26.070 (2) the police judge can only suspend the execution of judgment for twenty-four hours, which twenty-four hour stay was granted in order that he might file his petition for a writ of habeas corpus.

The opinion of Hon. Lawrence Grauman, Judge of the Jefferson Circuit Court, which granted the writ of habeas corpus, recites that an examination of the records of the police court, including the transcripts of evidence of the two trials, "shows that these federal constitutional claims are substantial and not frivolous." The majority of this court agree with this statement of Judge Grauman. It will be noted the judgment of the circuit court does not in reality grant appellee a writ of habeas corpus but only a stay of execution of his fines and orders him released from jail on bond until May 4, 1959, so that he may file a petition for certiorari in the Supreme Court.

■■ Patently, Judge Grauman realized that the writ of habeas corpus is a collateral attack on the judgments and will not lie unless the judgments are void. Commonwealth v. Crawford, 285 Ky. 382, 147 S.W.2d 1019; Smith v. Buchanan, 291 Ky. 44, 163 S.W.2d 5, 145 A.L.R. 813; Bircham v. Buchanan, Ky., 245 S.W.2d 934. Here, the police court had jurisdiction of the subject matter and of Thompson and it is manifest the judgments are not void. To meet the exigency of the situation, Judge Grauman granted Thompson a stay of execution to allow him time to prepare and file his petition for certiorari in the Supreme Court and merely called his order a writ of habeas corpus as the order is somewhat akin to such writ.

■ Judge Grauman must have had in mind § 110 of the Kentucky Constitution which gives this court the power "to issue

such writs as may be necessary to give it a general control over inferior jurisdictions." But § 110 does not give to a circuit court such control of courts inferior to it. Circuit courts in this Commonwealth have no prohibitive jurisdiction over inferior courts where such inferior courts are acting within their jurisdiction even though erroneously. If an inferior court is proceeding erroneously within its jurisdiction and irreparable injury will result to a litigant, with no adequate remedy at law, then the prohibitive jurisdiction lies in this court under § 110 of our Constitution. Potter v. Trivette, 303 Ky. 216, 197 S.W.2d 245. As the Louisville Police Court was acting within its jurisdiction, it appears that the circuit court erred in granting appellee a stay of execution, as only this court may do that under § 110.

While we must reverse the judgment, the majority of this court are not inclined to put appellee to the trouble and expense, as well as the delay, of filing an original action in this court when we know that our decision will be to direct the Louisville Police Court to stay execution of its two judgments and release appellee ,on bond for three months to give him time to prepare and file in the Supreme Court his petition for certiorari. Therefore we have concluded to dispose of the matter in this opinion.

Appellee appears to have a real question as to whether he has been denied due process under the Fourteenth Amendment of the Federal Constitution, yet this substantive right cannot be tested unless we grant him a stay of execution because his fines are not appealable and will be satisfied by being served in jail before he can prepare and file his petition for certiorari. Appellee's substantive right of due process is of no avail to him unless this court grants him the ancillary right whereby he may test same in the Supreme Court. Brinkerhoff-Faris Trust & Savings Co. v. Hill, 281 U.S. 673, 50 S.Ct. 451, 74 L.Ed. 1107.

Appellants urge that as 28 U.S.C.A. § 1257(3) provides for review by certiorari

of a final judgment of the highest state court in which a decision may be had where the infringement of a constitutional right is claimed, and as 28 U.S.C.A. § 2101(f) provides a stay may be granted by a Justice of the Supreme Court when application is made under Rule 27 of that court, 28 U.S.C.A., that appellee should make application for a stay to a Justice of the Supreme Court rather than to this court. Our answer to this argument is that it is often difficult to contact a Justice of the Supreme Court and may necessitate a trip to Washington. In this instance appellee may have great difficulty after preparing his petition for a stay to get same in the hands of a Supreme Court Justice in the short time of ten days.

In Walters v. Fowler, Ky., 280 S.W.2d 523, appellant sought a writ of prohibition to prevent the collection of a $5 fine, averring that his right of due process under the Fourteenth Amendment had been violated in the imposition of the fine and he would suffer great and irreparable injury unless the writ was granted, since he had no remedy by appeal. We denied the writ of prohibition and held that the imposition and collection of a $5 fine was not such great injustice or irreparable injury as would justify the granting of the writ. The distinction between that case and the instant one is Walters did not ask a writ of prohibition so he might go to the United States Supreme Court for its determination of whether or not he had been denied due process, while in the case at bar appellee seeks a stay of execution for that very purpose. It is only in extreme cases like the one at bar where a person wants to go to the Supreme Court that we will interfere with an inferior court under § 110 when an unappealable fine has been imposed.

■ We reverse the judgment of the Jefferson Circuit Court because it was without jurisdiction to enter the stay of execution. But we hereby direct Hon. Hugo Taustine, Judge of the Louisville Police Court to stay until June 1, 1959, the

execution of the two judgments and direct Kenneth Wildt, Bailiff of that Court, and Solon F. Russell, Sheriff of Jefferson County, to release appellee from satisfying or serving in jail the two fines imposed on him by the judgments until June 1, 1959, on condition that appellee execute bond in the sum of $35 with good surety guaranteeing he will surrender himself to the police court on June 1, 1959, if he does not file a petition for certiorari in the Supreme Court before that date, or if the Supreme Court denies his petition, or if it affirms the judgments of the Louisville Police Court.

The judgment is reversed and the clerk of this court will prepare a mandate in conformity with this opinion and cause copies of same to be sent to Judge Taustine, Bailiff Wildt and Sheriff Russell.

MONTGOMERY, C. J., and MOREMEN and STEWART, JJ., dissenting.

MONTGOMERY, Chief Justice (dissenting).

According to the majority opinion, Sam Thompson complains that he has been deprived of due process of law under the Fourteenth Amendment to the Federal Constitution because the evidence in each of two cases was insufficient to sustain the conviction. The fine in each case was under the appealable amount. No complaint is made that the police court in which he was tried did not have jurisdiction of the offense or the person. The question is: May the sufficiency of the evidence to convict in a state court be reviewed in a federal court as a violation of due process under federal law? The answer is: No.

In United States ex rel. Weber v. Ragen, 7 Cir., 1949, 176 F.2d 579, it was held that the due process of law clause does not enable federal courts to review errors of state law, however material under state law, and a federal district court sits only to determine whether the proceedings in the state court amount to a violation of federal constitutional rights. Habeas corpus cannot be utilized to correct mere errors of law committed in a trial in a state court or to try such questions as sufficiency of evidence to sustain a conviction. Petition of Sawyer, D.C.Wis.1955, 129 F.Supp. 687, affirmed, 7 Cir., 229 F.2d 805, certiorari denied Sawyer v. Borczak, 351 U.S. 966, 76 S.Ct. 1025, 100 L.Ed. 1486, rehearing denied 352 U.S. 860, 77 S.Ct. 24, 1 L.Ed.2d 70.

It would appear that Thompson is attempting to secure a review under a claim of infringement of constitutional right. 28 U.S.C.A. § 1257(3). The cited cases make it obvious why he did not seek relief in the federal district court. Instead, he is attempting to get a review to which he is not entitled, under either the federal or state law, by perverting the habeas corpus process. Both this Court and the lower court recognized that the judgments of conviction were not subject to collateral attack since they were not void. In two recent cases Thompson v. Wood, Ky., 277 S.W.2d 472, and Walters v. Fowler, Ky., 280 S.W.2d 523, this Court refused to grant relief by prohibition in similar situations.

I see no reason to violate our rule and grant any relief herein, and for this reason I respectfully dissent.

MOREMEN and STEWART, JJ., join in this dissent.