**Watson Carl BACH, Petitioner,**

v.

**J. Paul KEITH, etc., Respondent.**

Court of Appeals of Kentucky.

May 15, 1959.

Guy C. Shearer, Raymond K. Grantz, Ephraim K. Lawrence, Jr., Louisville, for petitioner.

Charles W. Dobbins, County Atty., James E. Thornberry, Asst. County Atty., Louisville, for respondent.

MONTGOMERY, Chief Justice.

Watson Carl Bach, Adam M. Robinson, and Nan Rodgers, by an action in the Jefferson Circuit Court, sought to require James F. Queenan, Clerk of the Jefferson County Court, to place their respective names on the ballot for the Democratic Primary to be held on May 26, 1959. Each

was a candidate from a separate district for the office of Member of the House of Representatives. The matter was heard by the Honorable J. Paul Keith, Judge of the Jefferson Circuit Court. A decision unfavorable to Bach and favorable to Robinson and Rodgers was reached. Before any judgment was entered, Bach filed an original proceeding in this Court, seeking to prevent Judge Keith from proceeding further as to him. Queenan, the county court clerk, filed another original proceeding in this Court, seeking to prohibit Judge Keith from proceeding further as to Robinson and Rodgers. See Queenan v. Keith, Ky., 324 S.W.2d 395.

The stated basis for denying Bach the right to have his name placed on the ballot was that Arthur F. Vogedes, one of the two persons who on April 18, 1959, signed petitioner's notification and declaration, was not then a qualified elector as required by KRS 119.050, in that he was not a "legal voter." Arthur F. Vogedes' name did not appear on the registration list for the precinct in which he resided. The name "Arthur P. Vogedes" did appear. Arthur P. is the son of Arthur F., and had moved from the precinct several years previously.

In a later action filed in the Jefferson Circuit Court by Arthur F. Vogedes against the Board of Election Commissioners of the City of Louisville, it was adjudged on April 24, 1959, that "Arthur F. Vogedes * * * is as of this date declared a reputable Elector and an eligible voter within the meaning of Section 119.050 of the Kentucky Revised Statutes." The Board was directed "to reinstate and restore its records concerning Arthur F. Vogedes by permitting him to file a new registration slip."

Petitioner urges many grounds why Arthur F. Vogedes should be considered a legal voter on the date he signed the notification and declaration. The record is not clear as to how many of these grounds were considered by the circuit court.

These are not reached by this Court for the reasons later set forth.

The relief sought by the petitioner in the circuit court was based on KRS 119.170, which provides in part as follows:

"The court or judge * * * shall have full power to hear the matter * * * in a summary manner, and to determine and make final orders therein, and when any such order is made it shall be conclusive and not subject to appeal."

The question is: Under what circumstances, if any, may the action of the circuit court be reviewed?

The remedy provided in KRS 119.170 has been held to be exclusive and a judgment rendered to be conclusive and not subject to appeal. Wooton v. Smith, 288 Ky. 48, 155 S.W.2d 466; Brown v. Read, 311 Ky. 104, 223 S.W.2d 592. The power of the Legislature to deny a right of appeal has been recognized. Engle v. Miller, 303 Ky. 731, 199 S.W.2d 123. Lack of an adequate remedy by appeal, alone, is not sufficient basis for an order of prohibition. Rallihan v. Gordon, 176 Ky. 471, 195 S.W. 783. Where no appeal has been provided and a constitutional question has been presented, prohibition has been denied on the basis that "an appeal lies where there is presented in the action a question of the constitutionality of an Act of the General Assembly which is 'independent in its nature, strictly judicial and one of great consequence.'" Chesapeake & O. Ry. Co. v. Murphy, 314 Ky. 309, 234 S.W.2d 969, 971. See also Engle v. Miller, 303 Ky. 731, 199 S.W.2d 123.

The familiar bases for granting prohibition have been discussed fully. Evans v. Humphrey, 281 Ky. 254, 135 S.W. 2d 915; Thompson v. Wood, Ky., 277 S.W. 2d 472; Murphy v. Thomas, Ky., 296 S.W. 2d 469. The use of the writ of prohibition against a judge is a drastic and extraor-

dinary remedy within the discretion of the Court and is reserved for "really extraordinary causes." Harris Coal Corporation v. Cornett, Ky., 298 S.W.2d 320; Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 953, 959, 93 L.Ed. 1207, 10 A.L.R.2d 921. The original jurisdiction of this Court cannot be invoked as a substitute for appeal where no appeal lies. Moore v. Smith, Ky., 307 S.W.2d 191. The principles mentioned were recognized in Grantz v. Grauman, Ky., 302 S.W.2d 364, a case similar to the present case, when a petition for prohibition was considered because of the important constitutional question involved, but relief was denied. Petitioner here seeks consideration on the same basis; that is, an important constitutional question. Through the years, the Court always has been reluctant to permit any appeal or review, by subterfuge or otherwise, from a judgment rendered under KRS 119.170.

Petitioner contends that there are two constitutional questions presented: (1) A violation of Section 28, Kentucky Constitution; and (2) a denial of equal protection and due process of law under Amendment XIV, United States Constitution.

■ Section 28 provides for the separation of governmental powers in Kentucky. Petitioner urges that the decision of the county court clerk that one of the signers was ineligible constituted an exercise of judicial power by a member of the executive branch. The record discloses that the clerk, after this matter had been brought to his attention, checked the registration list and discovered that Arthur F. Vogedes was not a registered voter. In part, KRS 119.160 provides that "No county clerk shall knowingly cause to be printed on any official primary ballot the name of any candidate who has not filed the required nomination papers, * * *." A penalty is provided for the willful or neglectful breach of this duty. KRS 119.990. Therefore, when the matter was called to the attention of the clerk, it became his duty to ascertain its truth. This he did by examining the record. Such does not constitute an exercise of judicial power but merely the performance of an administrative duty.

Petitioner's argument concerning the federal constitutional provision is directed principally to showing a violation of Vogedes' rights. It is argued that Vogedes was denied equal protection and due process; therefore, petitioner's rights were likewise so denied. Vogedes is not a party to this proceeding.

■ On the showing made in behalf of the petitioner, and considering this Court's reluctance to use prohibition except as a drastic remedy in an unusual case, the constitutional questions presented do not merit the use of this extraordinary remedy.

The petition is denied.