## Chiles v. Howard Sheffer's Ex'ors.

### (Decided December 15, 1911.)

### Appeal from Fayette Circuit Court.

Courts—Justice Courts—Jurisdiction—Writ of Prohibition.—A justice's court having jurisdiction of the amount in controversy and of the parties to the action has jurisdiction to determine whether or not the income .from a trust fund devised to certain trustees for the defendant's support and directed .by the judgment of a court of competent jurisdiction to be paid to the defendant at the rate of $10.00 per month, may be subjected to the payment of the defendant's debts, and prohibition will not lie to prevent the justice from the proceeding to hear and determine the question.

J. ALEXANDER CHILES for appellant.

No brief for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Appellant J. Alexander Chiles sued one Nathan Johnson in the court of Ben D. Bell, a justice of the peace of Fayette County, to recover on a note of $20.00 subject to certain credits amounting to $5.50. Judgment was rendered in his favor, and subsequently an execution issued upon the judgment. Appellees, W. W. and R. C. Estill, executors under the will of J. Howard Sheffer, were summoned as garnishees. They answered that they had no property in their hands belonging to Johnson. Whereupon Chiles filed an amended petition making appellees parties defendant and charging that, under and by virtue of the will of J. Howard Sheffer,

they had in their hands certain funds belonging to the defendant Johnson. Appellees filed a special demurrer to the jurisdiction of the court. This was overruled. They then filed their petition in the Fayette Circuit Court and asked for a writ of prohibition restraining Ben D. Bell, justice of the peace of Fayette County from proceeding further in the case of J. Alexander Chiles v. Nathan Johnson so far as appellees were concerned. To this proceeding appellant Chiles was made a party defendant. He demurred to the petition, and his demurrer was overruled. Thereupon the court adjudged that Ben D. Bell, justice of the peace, was without jurisdiction over appellees, or the trust fund or income thereof, and entered judgment prohibiting the justice of the peace from taking any further steps or proceedings against the appellees in the case pending in his court. From that judgment Chiles appeals.

It appears from the petition that some years ago J. Howard Sheffer died, testate, and that appellees, W. W. Estill and R. C. Estill, were appointed his executors. By the third item in his will, Sheffer provided as follows:

"My executors will place two thousand dollars on loan well secured so long as Harrison Blanton, an old and faithful servant of mine lives, the interest of which, or so much thereof as they deem necessary, they will apply to help him in his old age and sickness, and also to help Nathan, son of Aggie, a former faithful servant of mine. At the death of said Harrison Blanton and Nathan the two thousand dollars is to be divided among my said daughters and their descendants as the residue of my estate is hereinafter directed to be divided, and the portion of Mrs. Spurr and her children is to be held by her trustee in the same manner and on the same trust as the property hereinafter devised to them."

The Harrison Blanton referred to in the will died several years ago. After his death Nathan Johnson sued appellees in the Fayette Circuit Court to recover under the will. At that time the accretions to the trust fund amounted to more than a thousand dollars. Nathan was sixty-seven years of age. The court was of the opinion that Nathan's condition was such as to require an income in addition to that received from a pension and derived from his own efforts. The court was also of the opinion that it was the duty of the executors to

keep the money at interest until both Nathan and Harrison were dead, and that during their lives and during the life of the survivor it was the duty of the executor's to use sound discretion in applying the interest or such part of it as was necessary to help them or the survivor in their old age. The court then entered a judgment directing that the executors pay Nathan the sum of $70.00, and from the time of the judgment until the further orders of the court the sum of $10.00 per month.

In addition to the above facts, appellees allege in their petition that the magistrate's court, district No. 1, of Fayette County, over which the said Ben D. Bell then presided, had no jurisdiction over appellees or either of them, nor over the trust fund or the income thereof, before mentioned.

While the petition does charge that the justice's court had no jurisdiction over appellees, this is merely a conclusion of law. No facts are stated which tend to show that the justice's court is without such jurisdiction. As the sum involved, exclusive of interest and costs, is under $50.00, the justice's court had jurisdiction so far as the amount in controversy is concerned.

But it may be insisted that, because of the judgment rendered in the case of Nathan Johnson v. J. Howard Sheffer's executors, the justice's court has no jurisdiction of the trust fund. It does not appear, however, that that fund is in custodia legis. While by its judgment the Fayette Circuit Court reserved the right to change the amount payable by the appellees as executors to Nathan Johnson, the judgment directed the payment of $10.00 per month until the further orders of the court. Until that judgment is modified or reversed Johnson, as a matter of right, is entitled to the sum directed to be paid, and appellees must make the payment. That being true, neither the trust fund, nor the income therefrom, is in the custody of the court, but is in the custody and control of appellees. Whether or not the fund may be subjected to the payment of Nathan Johnson's debts, is a question which the Fayette justice's court has the same power to hear and determine as any other court having jurisdiction of the parties and of the subject matter of their action. Having the right to decide, its jurisdiction may not be taken away because it may decide the ques

tion erroneously. (Scott v. Tully, 106 Ky., 69; Bank Lick Co. v. Phelps, 81 Ky., 613.)

Judgment reversed and cause remanded, with direc-tions to sustain appellant's demurrer to the petition.