## Wright v. City of Hazard et al.

(Decided January 17, 1930.)

408

ASTOR HOGG for appellant.

J. K. P. TURNER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

By this proceeding the appellant sought a writ of prohibition against the police judge of the city of Hazard to prevent the latter from trying him under a warrant charging him with the operation of a taxicab in the city of Hazard without the license required for that purpose by an existing ordinance of that city. The lower court refused to grant the writ requested, and from its judgment this appeal is prosecuted.

The case went off in the lower court solely on the sufficiency of the petition of the appellant. In it he avers that he lives in the city of Neon, Ky., is there engaged in the taxicab business, and has paid the license fees required by the ordinances of that town; that on two separate occasions he was employed by some people in the city of Neon to take them to the city of Hazard, and that pursuant to such employment he had on these two occasions taken his fares to Hazard and there discharged them, returning to the city of Neon without doing any further business whatever in the city of Hazard; that solely because of these two sporadic trips, during neither of which he had done any business in Hazard other than to discharge the passengers he had taken up in Neon, a warrant issued from the police court of the city of Hazard charging him with violating an ordinance of the city of Hazard exacting a license fee from those engaged

in the taxicab business in that city; that these two sporadic trips did not constitute doing business in the city of Hazard, for which reason he did not owe the license fee and had not violated any ordinance, but that despite this, and in advance of his trial in the police court, the judge of that tribunal had been giving it out that he considered the appellant guilty and would fine him when his case came on for trial; that the maximum punishment which could be inflicted upon him was less than that requisite for an appeal from the police court. It is fair to say that the city attorney of Hazard in his brief disclaims any intention on his part or that of the police judge to punish the appellant if the facts as to his actions are as stated in his petition herein, but as this case went off solely on the sufficiency of the allegations in the petition, the correctness of the lower court's ruling will have to be measured by the facts as stated in that pleading. It will be noted that the appellant does not attack the validity of the city ordinance in question, nor indeed could he, as this identical ordinance has been before this court in the case of Commonwealth v. Kelley, 229 Ky. 722, 17 S. W. (2d) 1017, and its validity upheld. Nor does the appellant claim that the police court of Hazard has not jurisdiction of the offense with which he is charged. Reduced to its last analysis, the petition simply alleges that the appellant is innocent of the offense with which he is charged, but that despite his innocence, the judge who is going to try him has in advance of the hearing of the evidence proclaimed his intention to find the appellant guilty.

It is not the function of a writ of prohibition to provide an indirect method of appeal where no direct method is provided by the Statutes, and although in some cases where the lower court is proceeding within its jurisdiction, but erroneously, and great and irreparable injury will be done the party applying for the writ, and he has no adequate remedy by appeal, the writ will be granted, yet, as stated in Brewer v. Vallandingham, Judge, 231 Ky. 510, 21 S. W. (2d) 831, the granting of a writ of prohibition where the court is proceeding within its jurisdiction, though erroneously, is never warranted save in exceptional or unusual cases. Aside from the fact that the appellant does not bring himself within that part of the rule which he invokes to the effect that great and irreparable injury will be done him if the writ be not granted, since even if found guilty there can be inflicted

only a punishment of such minor severity as that the Legislature did not deem it of sufficient importance to burden the circuit court with an appeal, and aside from the fact that were his contention sustained, the circuit court and this court would be turned into trial courts to ascertain the guilt or innocence of all those being tried in all these inferior courts where the accused claim that they are innocent but that despite their innocence they were going to be found guilty, which situation was manifestly never intended to be brought about by the provisions governing writs of prohibition, the appellant in this case has an adequate remedy to protect himself against what he claims to be a prejudiced attitude on the part of the police judge of Hazard. Section 1126 of the Statutes provides that: "In any criminal or penal prosecution pending before the county judge, or a justice, or police or city judge, either party may have a change of venue to a justice's court for the same reasons that a change may be granted in civil cases pending in justices' courts; and, if a change is granted, the trial shall be had before the justice to whose court the case is transferred, in the manner provided for the trial of civil cases."

And by section 1107 of the Statutes, governing the change of venue in civil cases pending in inferior courts, it is provided that: "A party to a suit pending before a justice or police or city judge, shall have a change of venue to another justice of the same county when he shall make oath that he believes he can not have a fair trial in the court in which the cause is pending, and the cause may be tried out of term time by the justice to whose court it is removed."

Under these Statutes, the appellant is amply protected against the prejudiced attitude of the police judge of Hazard of which he complains. It follows therefore that the lower court did not err in denying the writ of prohibition requested, and its judgment is affirmed.