## Perry et al. v. Bingham, County Judge.
(Decided June 23, 1936.)

CLEON K. CALVERT for petitioners.

GOLDEN & LAY and RICHARD PRIEST DIETZMAN for respondent.

OPINION BY JUDGE PERRY—Denying Writ of Prohibition.

By this original suit here instituted by the three petitioners, A. W. Perry, Ed Philpot, and Harve Crawford, against D. M. Bingham, county judge of Bell county, they seek to prohibit him from trying them on certain charges pending in the quarterly court of Bell county, of which he, as county judge, is also the judge thereof.

The petitioners are employees of the Straight Creek Coal Company, Inc., a coal mining company operating two coal mines on Straight creek in Bell county.

The employees at its two mines, including the petitioners, are members of the Southern Miners' Union, a corporation which is opposed, it appears, by the United Mine Workers of America.

By the record before us it is disclosed that in September, 1935, a large band of striking miners, belonging to the United Mine Workers of America, marched onto the mining property of the Straight Creek Coal Company at Cary, Ky., which they regarded as operated as a "non-union" mine, for the purpose of forcing said company to abrogate its contract with its employees, as members of the Southern Miners' Union, and to enter into one with the United Mine Workers of America, of which they were members, and then sought to accomplish such object by massed picketing, violence, and threats and the intimidation of its employee miners, including the petitioners, then working in its mines, and not in sympathy with the objects and purposes of the United Mine Workers of America; and further they alleged that, while resisting the force and violence of these raiding strikers, then armed with guns, revolvers, and automatics, they were overcome by their superior numbers and forced to leave their occupation.

The petition further alleges that, as a result of this raid and the petitioners' opposition to it, some of the raiders went to Pineville, Ky., and swore out warrants against the petitioners, upon which they were arrested and whereby they were charged with the commission of the specific offenses of carrying deadly weapons concealed and breaches of the peace. It also alleges that on the day their cases came on for trial in Judge Bingham's court the same were continued until October 19, 1935, and on that day again were continued

until October 24, 1935, and on that day again continued until October 26, 1935, and all of which continuances, it appears, were obtained on motion of counsel for petitioners.

Petitioners further charged that on or about October 19, 1935, the defendant, Bingham, publicly announced that he was going to try the petitioners on the charges pending against them in his court upon these warrants, and was going to put two or three of them in jail and keep them there; that the defendant is prejudiced against them and will not afford them a fair trial; and that from defendant's investigation had on said "peace warrants," or from any judgment he may enter against them thereon, they have no right of appeal to any court or tribunal.

To this petition defendant filed special demurrer and also a general demurrer and, without waiving same, an answer, traversing the facts alleged in the petition.

Much proof is now before us, taken by the opposing parties pursuant to a stipulation had, for determination of the issues presented, which petitioners contend are: (a) Has the court jurisdiction of this case and jurisdiction to grant this writ? and (b) Are petitioners entitled to a permanent writ?

Much also to the same effect does counsel for defendant insist that the case is before us (1) on defendant's general demurrer to the petition and (2) on the merits.

Petitioners are here seeking a permanent prohibitory writ against the defendant to prohibit him, as county judge of Bell county and as such of course judge of the quarterly court of that county, from trying or hearing any charges against petitioners under these warrants now pending before him.

These warrants pending in that court for trial against the petitioners, it is alleged in the petition and admitted by the answer, charge them, first, with the commission of the infamous offense of carrying concealed, deadly weapons, and second, with breaches of the peace.

As to the first of these warrants charging petitioners with committing the specific offense of carrying

concealed, deadly weapons, we are of the opinion, as was held in King v. City of Pineville, 222 Ky. 73, 299 S. W. 1082, 1083, that the defendant, judge of the quarterly court, was without jurisdiction to try petitioners upon this charge.

In the cited King Case a motion to dissolve a temporary injunction granted by the judge of the Bell circuit court, enjoining the execution of a judgment of the police court of Pineville against King, was overruled upon the ground that the Pineville police court was without jurisdiction to try the plaintiff under section 1093, Kentucky Statutes, as amended by chapter 43 of the Acts of 1924, specifically vesting in the courts of justices of the peace jurisdiction of petit larceny, vagrancy, and first offense of carrying concealed and deadly weapons.

In there considering this question we said:
"By section 1309 of the Kentucky Statutes the first offense of carrying a concealed and deadly weapon is declared a high misdemeanor and, in addition to the fine and imprisonment therein provided as a penalty, the statute requires that one convicted for the first offense of carrying a concealed and deadly weapon shall be excluded from the right of suffrage for a period of 2 years from the date of the judgment";

and that:

"As stated in the case of Lakes v. Goodloe, 195 Ky. 240, 242 S. W. 632, courts of justices of the peace being without the machinery necessary to cause indictments to be returned, if an offense, jurisdiction to try which is vested in the courts of justices of the peace, is an indictable offense, within the meaning of section 12 of the Constitution, which provides that no person for an indictable offense shall be proceeded against criminally by information except in certain cases not here material, any attempt to prosecute such an offense by warrant or information would be unauthorized, and hence the attempt to vest jurisdiction to try such an offense in the courts of justices of the peace which have no machinery for a grand jury would be unconstitutional";

and, continuing, held that, as the term "indictable offense," as used in section 12 of the Constitution, has reference to common-law offenses, or to statutory offenses, the punishment for which are "infamous," and as the modern test as to whether a crime is "infamous" or not is to be determined by the nature of the punishment inflicted, inasmuch as section 1309, Kentucky Statutes, requires one convicted of the offrense therein denounced of carrying concealed, deadly weapons to be penalized by fine and imprisonment, and in addition thereto that he be excluded from the right of suffrage for a period of two years, it is an "infamous offense," which requires an indictment for its presentment under section 12 of the Constitution and therefore that section 1093, Kentucky Statutes, as amended, purporting to vest in courts of justices of the peace, which have no machinery for grand jury indictment, jurisdiction to try this condemned offense, was held unconstitutional, upon the ground that such offense required an indictment.

In that case we held that the police court of Pineville, a city of the fourth class, given by section 3513 such criminal jurisdiction as justices of the peace have to try one for a first offense of carrying a concealed, deadly weapon, in violation of section 1309, was without jurisdiction to try King, charged with such offense, since so much of section 1093, as amended, vesting in justices' courts jurisdiction of such offense, was unconstitutional under section 12 of the Constitution requiring an indictment; that, such offense being one under provisions of section 1309 calling for infamous punishment, the same can only be tried under an indictment as an infamous offense, and therefore that justices of the peace are without jurisdiction to try the same, since section 1093 of the Statutes, as amended, vesting them with such authority, was held to be, under section 12 of the Constitution, unconstitutional.

It thus appearing by the rule and supporting reasons therefor announced in the King Case that the defendant court, vested only with such criminal jurisdiction as justices of the peace have, is without jurisdiction to try petitioners upon the pending warrants charging them with the specific offense of carrying concealed, deadly weapons, it follows that, under the rule an-

nounced in the case of Goodenough v. Kentucky Purchasing Co., 241 Ky. 744, 45 S. W. (2d) 451, 455, cited and relied on by petitioners as supporting their right to a writ of prohibition against defendant, prohibiting his trying such charge pending against them, the writ must be denied.

The rule there declared, which we deem is here applicable, is:

"(1) That circuit courts in this commonwealth have prohibitive jurisdiction against all courts inferior to it only where they are acting without their prescribed jurisdictions; (2) if they are acting within their jurisdictions but erroneously so, and which is followed by great and irreparable injury to one of the litigants with no adequate remedy for relief, then the circuit court has no jurisdiction to prohibit such action, but it lies exclusively with the Court of Appeals under its jurisdiction conferred by section 110 of our Constitution; (3) that, if a court inferior to the circuit court is acting without its jurisdiction, but which is not followed by great and irreparable injury with no adequate remedy, then the circuit court has exclusive original jurisdiction to prohibit it from doing so, under the express provisions of the sections of the Code, supra."

Measuring petitioners' right to a writ of prohibition by the rule thus announced, prohibiting the defendant judge from trying the petitioners upon these warrants charging them with the "infamous offense" of carrying concealed, deadly weapons, it is manifest that defendant as judge of that inferior court was without jurisdiction to try them, and for such reason that the circuit court was alone vested with jurisdiction against defendant to prohibit him from acting without his prescribed jurisdiction. From this it follows that the petitioners were in error in failing to apply to the circuit court therefor, rather than seeking to obtain, under the circumstances stated, the prohibitory writ by instituting an original suit here, and for such reason it follows that their motion for a permanent prohibitory writ against the defendant's trying the petitioners for the specific infamous offense charged by the warrants

is overruled, and defendant's special demurrer to the petition to such extent should have been sustained.

The defendant has further demurred generally to the petition as insufficient, in seeking to prohibit him from trying the petitioners upon the warrants charging them with breaches of the peace, contending, in support of the demurrer, that, even if he were erroneously proceeding to try them thereon, when (conceding only arguendo) he was shown to be biased and prejudiced against them and had adversely publicly prejudged them in advance of a hearing had upon the charges, the petitioners yet had an adequate remedy to protect themselves against the claimed threatened hurt, by reason of his alleged prejudiced attitude toward them, by making timely application for a change of venue for trial before a justice of the county, as was held an available remedy in the case of Wright v. City of Hazard et al., 232 Ky. 407, 23 S. W. (2d) 590, 591, the legal principle of which defendant, we deem, appropriately urges as here both applicable and controlling.

In that case a writ of prohibition was sought against the police judge of the city of Hazard to prevent him from trying the petitioner under a warrant pending in his court, charging petitioner with violating an ordinance of the city. Petitioner, as the basis for the writ of prohibition sought, alleged that he was innocent of the charge pending against him in the police court, but that the judge had, in advance of the hearing, proclaimed his intention of finding the plaintiff guilty when he tried him on the charge.

Upon a proceeding in this court, seeking a writ of prohibition against the police judge to prevent his trying him for the charged offense, and which writ the lower court refused to grant, this court, after pointing out that a writ of prohibition will not lie to restrain a court inferior to the circuit court from proceeding in a case, if the applicant for the writ has adequate remedy at law by appeal or otherwise for the situation of which he complains, sustained the lower court's denial of the writ of prohibition. The opinion continuing points out that in cases such as was there presented, and which it appears was substantially similar to that here presented by the petition, the petitioner could ade-

quately protect himself against what he contended was a prejudiced attitude against him on the part of the court, by making timely application for a change of venue.

The court, in denying the applied for writ upon the ground that the petitioner was otherwise afforded adequate remedy at law, said:

"Section 1126 of the Statutes provides that: 'In any criminal or penal prosecution pending before the county judge, or a justice, or police or city judge, either party may have a change of venue to a justice's court for the same reasons that a change may be granted in civil cases pending in justices' courts; and, if a change is granted, the trial shall be had before the justice to whose court the case is transferred, in the manner provided for the trial of civil cases.'

"And by section 1107 of the Statutes, governing the change of venue in civil cases pending in inferior courts, it is provided that: 'A party to a suit pending before a justice or police or city judge, shall have a change of venue to another justice of the same county when he shall make oath that he believes he can not have a fair trial in the court in which the cause is pending, and the cause may be tried out of term time by the justice to whose court it is removed.'

"Under these Statutes, the appellant is amply protected against the prejudiced attitude of the police judge of Hazard of which he complains."

This disposition of applicant's application for the writ and its underlying principle appears here applicable, for the reason, as argued by defendant, that section 1126, Kentucky Statutes, applies to county judges as well as police judges, and, when read with section 1107 of the Statutes, makes it mandatory in a criminal cause, where defendant seasonably makes a motion for a change of venue, supported by the oath referred to in section 1107 of the Statutes, to grant the same, and that, with such remedy available to the petitioners, if they here felt that they could not have a fair trial before the defendant, they could have adequately avoided

the injury threatened by a claimed unfair trial, regardless of the fact that there existed no right of appeal, by seasonably filing their application for a change of venue, supported by the necessary oath, when the same would have had to have been, under the provisions of the Statutes, granted by the defendant judge.

The proof discloses, however, that the petitioners, as is also admitted by their petition, sought and were granted three continuances of the cases pending against them before the defendant judge, after having full knowledge of what they now claim disqualified him from sitting in their cases.

Upon this point, too, we think the defendant plausibly contends that, since the Statutes gave petitioners the right to require the defendant to vacate the bench and transfer the trial of their cases to a justice of the peace, because of his alleged prejudice against them, it was their duty before, or at least at the time they sought these continuances, to make their motion for the change of venue provided by the Statutes, and that, the petitioners having failed to seasonably move for such change of venue, they must be taken to have waived their right thereto and, in effect, to have consented to a trial of these breach of peace warrants by the defendant judge. To such effect see Littleton v. Littleton, 229 Ky. 353, 17 S. W. (2d) 204, 205, where it was insisted upon appeal that appellant's motion to have the regular judge vacate the bench ought to have been sustained, and as to which it was said in the opinion that:

> "Even if that should be held sufficient, or if there were anything in the record indicating an unfair trial of the case—and there is not—the motion came too late, for it was not filed until after the pleadings had been completed and proof taken and the case ready for submission."

Compare also the case of Adams v. Gardner, 176 Ky. 252, 195 S. W. 412; German Insurance Co. v. Landrum, 88 Ky. 433, 11 S. W. 367, 592, 10 Ky. Law Rep. 1039.

Such being our view respecting the merit of petitioners' claim to have granted them the writ of prohibi-

tion here sought, it follows that defendant's demurrers filed to the petition should be sustained and the petitioners' motion here urged for the permanent writ of prohibition overruled.

Whole court sitting.