# Potter v. Trivette, Police Judge, et al.

October 29, 1946.

Jean L. Auxier for appellant.

J. P. Hobson, Jr. for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This is an action under Section 479 of the Civil Code of Practice by which appellant sought a writ of prohibition against the police judge of the City of Pikeville to prevent the latter from trying him on a charge of illegal parking.

The action was instituted in the circuit court and the petition charges in substance that the appellant, while acting as a special investigator for the Board of Health, and in the performance of his duties, parked his automobile on the public square in the City of Pikeville in a place authorized by city ordinance and by the custom and usage of the public for parking automobiles; that be-

cause of such parking he was arrested by police officers of Pikeville, taken before the appellee and charged with the offense of wrongfully parking the vehicle. It is further alleged that the parking of the automobile at the time and in the manner set out did not constitute a public offense and the arrest and detention of appellant was an unlawful interference with his official duties; that the appellee has threatened to and will convict appellant on such charge unless restrained, and that this is an arbitrary and unreasonable exercise of power and a violation of appellant's rights under the Constitutions of Kentucky and the United States.

The petition further states that the threatened actions are beyond the jurisdiction of the police court; that no appeal lies from an adverse judgment, which would cause great and irreparable injury for which appellant has no remedy unless the writ prayed for is granted.

The circuit court sustained a special demurrer to the petition on the ground that it did not set out facts showing that the police court was without jurisdiction, and the case is before us on an appeal from that judgment.

It is well settled that circuit courts in this Commonwealth have no prohibitive jurisdiction against inferior courts where the inferior court is acting within its jurisdiction, even though such jurisdiction has been or is threatened to be erroneously exercised. If the inferior court is proceeding erroneously within its jurisdiction, and irreparable injury will result to a litigant, with no adequate remedy for relief, then the prohibitive jurisdiction lies in this court under Section 110 of the Constitution.

In Goodenough v. Kentucky Purchasing Co., 241 Ky. 744, 45 S. W. 2d 451, 455, the rule is set forth as follows:

"(1) That circuit courts in this commonwealth have prohibitive jurisdiction against all courts inferior to it only where they are acting without their prescribed jurisdictions; (2) if they are acting within their jurisdictions but erroneously so, and which is followed by great and irreparable injury to one of the litigants with no adequate remedy for relief, then the circuit court has no jurisdiction to prohibit such action, but it lies exclusively with the Court of Appeals under its jurisdiction con-

ferred by section 110 of our Constitution; (3) that, if a court inferior to the circuit court is acting without its jurisdiction, but which is not followed by great and irreparable injury with no adequate remedy, then the circuit court has exclusive original jurisdiction to prohibit it from doing so, under the express provisions of the sections of the Code, supra.''

To the same effect see Perry v. Bingham, 265 Ky. 133, 95 S. W. 2d 1099; Pinkleton v. Lueke, 265 Ky. 84, 95 S. W. 2d 1103; Shuey v. Shoemaker, 265 Ky. 473, 97 S. W. 2d 19, and Wright v. City of Hazard, 232 Ky. 407, 23 S. W. 2d 590.

The petition in this case does not set out the city ordinance under which the offense was charged, but it is alleged that the threatened actions are without and beyond the jurisdiction of the police court. If there is a factual basis for this last allegation then this action was properly filed in the circuit court under the rule referred to herein.

When considering the merits of a demurrer to a pleading the facts contained in that pleading must be accepted as true, but it has long been settled that a demurrer admits as true only averments of fact and not legal conclusions. Norman v. Kentucky Board of Managers, etc., 93 Ky. 537, 20 S. W. 901, 18 L. R. A. 556. In Chiles v. Sheffer's Ex'rs, 146 Ky. 42, 141 S. W. 369, 370, this court said:

''While the petition does charge that the justice's court had no jurisdiction over appellees, this is merely a conclusion of law. No facts are stated which tend to show that the justice's court is without such jurisdiction.''

An examination of the petition does not disclose any allegation of fact which tends to support the conclusion that the police court had no jurisdiction. Section 26.010, KRS, vests police courts with jurisdiction in all misdemeanor cases where the punishment is limited to a fine of not more than $20. By Section 26.110 KRS, it is provided that appeals may be taken from judgments of police courts in cities of the fourth class (of which Pikeville is one) where the fine is more than $20. Accepting the allegation of the petition that no appeal will lie from a conviction of the offense charged, we conclude

that the penalty imposed for the alleged misdemeanor is a fine of not exceeding $20. Under these circumstances the police court is vested with jurisdiction under Section 26.010, KRS.

We feel that the petition as a whole clearly shows that the police court was proceeding within its jurisdiction and this being true the circuit court did not have jurisdiction of this prohibitive proceeding, and its action in sustaining a special demurrer to the petition was proper.

The function of a judge of a police court in a case of this kind is to determine the guilt or innocence of the person charged, but since it is alleged in the petition that the police judge of Pikeville has threatened to convict the appellant, we point out that Section 452.360 KRS provides for a change of venue to a justice's court for the reasons set forth in Section 452.180.

It follows from what we have said that the judgment of the lower court is correct and it is affirmed.