**Helen MURPHY, Petitioner,**

v.

**Vance E. THOMAS, Judge, Lake Louisvilla Police Court, Respondent.**

Court of Appeals of Kentucky.

Dec. 7, 1956.

D. E. Wooldridge, LaGrange, for petitioner.

Bruce R. Hamilton, LaGrange, for respondent.

MOREMEN, Judge.

This is an original proceeding in this court which began after the arrest of the petitioner, Helen Murphy, for a traffic violation within the City of Lake Louisvilla, a city of the sixth class. She was arrested by a deputy town marshal who saw her operating a car at a speed greater than the rate of fifteen miles per hour permitted by a city ordinance. He took her before the city police judge, Vance E. Thomas, who is the respondent. During the discussion with the respondent and before any action was taken by the court, petitioner left the presence of both the judge and the arresting officer without their permission. Thereupon a warrant of arrest was issued and petitioner was arrested under its mandate. This warrant was not supported by an affidavit, and this omission was the basis for the application to this court. In the second appearance before the court, petitioner, who was now accompanied by her father, refused to post an appearance bond. Respondent announced that petitioner would be put in jail until bond was posted. He employed a faulty method to execute his intention, and committed petitioner under an instrument which gives the mistaken impression that she had been convicted, instead of one showing that she was being confined because she had failed to execute bail bond. However, upon her confinement, bond was executed and the prisoner released. All this happened on July 26, 1956.

The date of the trial on the speeding charge was set for July 31, 1956, and before that date petitioner applied to this court upon motion for an order temporarily prohibiting the police court judge from trying petitioner under the warrant of arrest or taking any further action under it until further orders of the court and, upon final hearing, to permanently prohibit respondent from ever trying petitioner under the warrant of arrest.

The temporary order of restraint was issued and after that date respondent "filed away" the charge under the warrant. This action was objected to by the petitioner on the ground that there should have been an outright dismissal of it. This was later done by order of the police court judge entered August 28, 1956.

In the meantime, on August 21, petitioner filed motion for a rule to be issued out of this court requiring respondent to show, cause why he should not be punished for entering the order filing away the warrant of arrest. This motion was passed for consideration at the time the case would be heard in chief.

This case is now before the court for consideration upon the merits. Petitioner in a brief filed admits that the case has become moot insofar as the merits of the case are concerned, but insists, first, that respondent should be punished for contempt and, second, judgment should be given petitioner against respondent for the costs of this action on the ground that it was motivated by respondent's act in prosecuting the petitioner under an allegedly void warrant.

We are not inclined to punish respondent because we are convinced that the temporary order of restraint should not have been issued by this court for the following reasons:

First—The warrant which was filed away was superfluous because the act

of speeding was committed in the officer's presence and no warrant was necessary. Criminal Code of Practice, section 36, subsection (2), and when petitioner fled from the custody of the officer, he had full right to pursue and retake petitioner without a warrant. Bircham v. Commonwealth, Ky., 238 S.W.2d 1008.

■ Second—A prohibitive order of this nature should not issue where there is an adequate remedy by appeal or there is no great injustice and irreparable injury.

This situation was presented at the time the temporary order was issued. A fine could have been assessed which was less than $20 and petitioner could thus be denied the right to appeal, or the fine could have amounted to more than $20, thus, affording an adequate amount for appeal, but until the facts are ascertained, the action of the court should not be anticipated. We have indicated that a fine less than $20 is not sufficient to cause irreparable injury in view of the fact that the legislature considered such a fine so trivial that it did not provide for an appeal in these cases to the circuit court, Thompson v. Wood, Ky., 277 S.W.2d 472, and, if the fine is more than $20, the petitioner would have an adequate remedy by appeal. The rules governing situations of this nature were well expressed in the Thompson case, where it was said:

■ "From a long line of cases it seems now well settled in this state that writs of prohibition will issue from this Court to prohibit inferior courts in all cases where, (1) they are threatening to proceed or are proceeding in a matter where they have no jurisdiction and there is no remedy through an application to an intermediate court, and (2) where they, although having jurisdiction, are exercising or about to exercise it erroneously and great injustice and irreparable injury would result to applicant if they should do so, and there exists no other adequate remedy by appeal or otherwise. Stafford v. Bailey, 301 Ky. 155, 191 S.W.2d 218; Carey v. Sampson, 150 Ky. 460, 150 S.W. 531; Rallihan v. Gordon, 176 Ky. 471, 195 S.W. 783; Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S.W. 178, and a long list of cases cited in those cases.

■ "This Court has steadfastly adhered to the proposition that without the element of 'great injustice,' 'great and irreparable injury,' our original jurisdiction would not be exercised where the inferior court was proceeding within its jurisdiction, although erroneously and without the right of appeal or other remedy. Such a writ should never be issued save in exceptional, very extraordinary and unusual cases. Gilman v. Doak, 194 Ky. 21, 237 S.W. 1069; Litteral v. Woods, 223 Ky. 582, 4 S.W.2d 395. Also, cf. Wright v. City of Hazard, 232 Ky. 407, 23 S.W.2d 590, and other cases cited therein."

We have concluded, since the temporary writ should never have issued, that the rule for contempt should not now issue.

■ For the reasons stated, the temporary writ heretofore issued is dissolved; petitioner's motion for a rule requiring respondent to show cause why he should not be punished is overruled; the request that the temporary writ be made permanent is denied and the petition is dismissed at petitioner's cost.