**Helen MURPHY, Petitioner,**

v.

**CITY OF LAKE LOUISVILLA, a Municipal Corporation of Sixth Class, Crestwood, Kentucky, et al., Respondents.**

Court of Appeals of Kentucky.

June 14, 1957.

D. E. Wooldridge, La Grange, for petitioner.

Bruce R. Hamilton, James A. Hall, La Grange, for respondents.

CAMMACK, Judge.

This original proceeding before us, filed September 24, 1956, is a continuation of Helen Murphy's controversy with the City of Lake Louisvilla, a city of the sixth class, in Oldham County. The controversy began when Miss Murphy was charged with operating a motor vehicle in the City at a speed in excess of the speed limit of 15 miles per hour on July 26, 1956.

The opinion in the case of Murphy v. Thomas, Ky., 296 S.W.2d 469, decided December 7, 1956, sets forth the circumstances pertaining to Miss Murphy's first unsuccessful attempt to have this Court prohibit her trial in the Police Court of Lake Louisvilla. We said that she made no showing warranting the exercise of our original jurisdiction over an inferior court.

On August 10, 1956, and while the proceeding referred to in the previous paragraph was pending before us, Miss Mur-

phy, as a resident and citizen of the City, filed an action in the Oldham Circuit Court against the City of Lake Louisvilla and Vance E. Thomas, Judge of the Lake Louisvilla Police Court, seeking to have the ordinance fixing the speed limit in the City at 15 miles per hour, except on Highway 22, declared void; and also to have the Police Judge restrained from trying her for the traffic violation with which she was charged on July 26th. Judgment was entered in the Oldham Circuit Court on September 17, 1956, dismissing Miss Murphy's action with prejudice, which ruling the trial judge said constituted an adjudication upon the merits of the case. Miss Murphy's appeal from that judgment is disposed of in the case of Murphy v. City of Lake Louisvilla, Ky., 303 S.W.2d 307.

In the proceeding now before us Miss Murphy is still attempting to avoid trial for her alleged traffic violation on July 26th. When she filed her petition in this Court on September 24th, she stated that her trial in the Lake Louisvilla Police Court was set for September 28th. This is her third recitation of her alleged and contemplated injury, persecution and harassment at the hands of the City authorities. In addition, she attacks here, as she did in the proceeding in the Oldham Circuit Court, the validity of the ordinance fixing the speed limit in the City, except on Highway 22, at 15 miles per hour.

It strikes us that, aside from the question of the validity of the speed ordinance, Miss Murphy's controversy with the City fathers and law enforcement officers of Lake Louisvilla adds up to something of a tempest in a teapot. We say this because it is pointed out in the case of Murphy v. Thomas, Ky., 296 S.W.2d 469, that, when Miss Murphy objected to the filing away of the charge of her traffic violation on the ground that there should have been an outright dismissal of it, the Police Court Judge entered an order of August 28th, doing just that.

For the reasons set forth herein, and those set forth in Murphy v. Thomas, Ky.,

296 S.W.2d 469, the motion for a writ of prohibition is denied, and the petition is dismissed at petitioner's cost.