Helen MURPHY, Appellant,

v.

CITY OF LAKE LOUISVILLA, a Municipal Corporation of Sixth Class, et al., Appellees.

Court of Appeals of Kentucky.

June 14, 1957.

D. E. Wooldridge, La Grange, for appellant.

James A. Hall, Bruce R. Hamilton, La Grange, for appellees.

CAMMACK, Judge.

This appeal is from a judgment dismissing the action of Helen Murphy, appellant, for failure to state a claim upon which relief could be granted. The judgment set forth that the action was dismissed with prejudice and constituted an adjudication upon the merits of the case. A review of Miss Murphy's prolonged controversy with the City of Lake Louisvilla over a charge of traffic violation on July 26, 1956, can be found in the cases of Murphy v. Thomas, Ky., 296 S.W.2d 469, and Murphy v. City of Lake Louisvilla, etc., Ky., 303 S.W.2d 306.

Miss Murphy sought to have an ordinance of the City fixing the speed limit therein at 15 miles per hour, except on Highway 22, declared void; and also to have the Police Judge restrained from trying her for the traffic violation with which she was charged. For the reasons set forth in the cases just mentioned we shall not concern ourselves here with Miss Murphy's efforts to avoid trial on her alleged traffic violation. This leaves the question of the validity of the speed limit ordinance.

The ordinance under attack follows:

"Section 1. Any person who shall operate a motor vehicle upon any street or public way within the City, with the exception of Highway No. 22, at a speed greater than 15 miles per hour shall be fined not to exceed Fifty ($50.00) Dollars."

The charge is made in the complaint that the ordinance is "unreasonable, arbitrary and oppressive," because of the maximum speed limit of 15 miles per hour. Next it is asserted that the legal effect of the fine provision is "to set a minimum fine of one (1) cent and a maximum fine of $50 for any conviction under said ordinance." Reference is then made to KRS 189.990, which provides a fine of not less than $10 nor more than $100 for each offense of operating a motor vehicle upon a highway

in excess of the speed provided in the Kentucky Statutes. The fixing of a lower minimum and a lower maximum penalty in the ordinance other than those provided in the statute is said to be in violation of Section 168 of the Constitution. The first sentence of this section follows:

"No municipal ordinance shall fix a penalty for a violation thereof at less than that imposed by statute for the same offense."

The City asserts, and we think correctly so, that KRS 189.390 is controlling. This section deals with speed and parking on highways. Subsection (2) provides:

"Where no condition exists that requires lower speed for compliance with subsection (1) of this section, the speed of any vehicle not in excess of the limits specified in this section or established as hereinafter authorized shall be lawful, but any speed in excess of the limits specified in this section or established as hereinafter authorized shall be unlawful."

Aside from trucks, semitrailers or motor vehicles of five horsepower or less, the statute fixes the speed limit at 35 miles per hour in any business or residential district and 60 miles per hour in other locations during the daytime and 50 miles per hour at night. Subsection (4) (a) of KRS 189.390 authorizes municipalities, when it is reasonable or safe or under conditions found to exist at any location within a municipality, to

"* * * determine and authorize by ordinance or order a reasonable and safe speed limit at such location which shall be effective at all times or during hours of daytime or nighttime, or at such other times as may be determined when appropriate signs giving notice thereof are appropriately erected at such location. * * *"

An increase in speed authorized by a municipality may not exceed by more than 10 miles per hour that fixed in subsection (2). No increase may exceed the 60 miles per hour speed limit.

 While municipalities are creatures of the Legislature, it has long been recognized by the courts that they may govern their own affairs so long as they do not go beyond legislative and constitutional authority. It is apparent that KRS 189.390 authorizes municipalities to fix speed limits within their boundaries when conditions so warrant. The penalties for the violation of traffic regulations are set forth in KRS 189.990. The penalty provided for the violation of certain provisions of KRS 189.390 is fixed at a fine of not less than $10 nor more than $100 for each offense. It is obvious, therefore, that the fine provision of the city ordinance (not to exceed $50) is not consistent with that provided in KRS 189.990, and is therefore repugnant to Section 168 of the Constitution.

 The City contends vigorously that a violation of its ordinance is not "the same offense as that covered by the general statute, KRS 189.990." This argument overlooks the fact that the power to regulate traffic, which the City is attempting to assert, is derived from KRS 189.390, and also that the penalty for violating this statute is fixed at a fine of not less than $10 nor more than $100 for each offense. Both the ordinance and the statute deal with the speed of traffic on public ways; that of the City applying only to the ways within its boundaries. It is our view that a violation would be for "the same offense." Under Section 168 of the Constitution, a municipality may not fix a penalty for such a violation at less than that imposed by statute.

 Instead of finding that conditions existed authorizing a lower speed limit than 35 miles per hour, as authorized by the quoted provisions of KRS 189.390, and instead of fixing reasonable and safe limits and giving notice thereof, the City

enacted a blanket regulation setting the maximum speed limit at 15 miles per hour on all of its streets save Highway 22. It is improbable that a maximum limit of 15 miles per hour on every street of a municipality would be warranted. Certainly the language of the applicable provisions of KRS 189.390 does not contemplate such an action. While it may be that the conditions in Lake Louisvilla are of such a peculiar nature that a low speed of 15 miles per hour should be observed at all times on all of its streets, it seems to us that such a provision should be the subject of proof, and we so hold.

For the reasons given it is our view that the complaint on the ordinance phase of the case stated a cause of action. It was error, therefore, to dismiss it with prejudice.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.