STATE v. EDGAR CLOUD, PAUL CAREY, GEORGE HARDY, JAMES J. PERILLO and MICHAEL J. WILLIAMS, SR.

(*March* 1, 1960.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*John Merwin Bader* for defendants.

*Charles L. Paruszewski*, Deputy Attorney-General, for State.

Supreme Court of the State of Delaware, No. 70, 1959.

WOLCOTT, J.:

The Superior Court, pursuant to Rule 20, *Del. C. Ann.*, has certified to us the following questions of law:

(1) Whether the common-law offense of conspiracy, a misdemeanor, is an "indictable offense" within the meaning of Article I, Section 8, of the Constitution of the State of Delaware, *Del. C. Ann.*;

(2) Whether Article IV, Section 28 of the aforesaid Constitution authorizes the General Assembly to confer blanket jurisdiction over misdemeansors upon the inferior, or legislative courts; or whether such jurisdiction may be granted only by a statute or statutes which specifically enumerate the misdemeanors, jurisdiction over which is sought to be granted;

(3) Whether Article IV, Section 28 of the aforesaid Constitution is applicable to all misdemeanors, including those at common law, or only to those created by the General Assembly;

(4) Whether Section 2701(d), Title 11, Delaware Code of 1953, which by its terms gives to the Municipal Court for the City of Wilmington jurisdiction over all misdemeanors committed within the said City, represents a valid exercise by the General Assembly of the authority granted to it under the aforesaid Article IV, Section 28 of the Delaware Constitution.

The five defendants in the case below were convicted in the Municipal Court of the City of Wilmington of the crime of conspiracy to violate the State's lottery laws, 11 *Del. C.*, §§ 661, 662. The defendants appealed to the Superior Court upon which the Attorney General filed an information as follows:

"The Attorney General of the State of Delaware on the 20th day of April, 1959, information makes that Edgar Cloud; Paul Carey; George Hardy; James J. Perillo; Michael J. Williams, Sr. did commit a misdemeanor:

"Edgar Cloud; Paul Carey; George Hardy; James J. Perillo; Michael J. Williams, Sr. on the 3rd day of February, 1959, in the County of New Castle did unlawfully conspire, combine, confederate, and agree together, one with the other to violate the lottery laws of the State of Delaware by the sale or disposition of lottery tickets and/or by being concerned in interest in lottery policy writing or vending, at a place known as 325 E. 4th Street, in the City of Wilmington, State of Delaware contrary to Title 11, Sections 661 and 662 of the *Delaware Code of 1953*."

Upon several grounds the defendants moved to dismiss the information. One of the asserted grounds remains undisposed of and gives rise to the certification now before us. The argument is that the defendants may not be proceeded against in the Superior Court by the filing of an information since Article I, Section 8 of the State's Constitution requires prosecution for the crime of conspiracy by indictment only.

We take up the certified questions *seriatim*:

(1) Whether the common-law offense of conspiracy, a misdemeanor, is an "indictable offense" within the meaning of Article I, Section 8, of the Constitution of the State of Delaware.

Conspiracy is made a crime in Delaware by 11 *Del. C.* § 105 which reads as follows:

"Whoever commits or is guilty of an assault, battery, cheat, conspiracy, nuisance or any other offense indictable at common law for which punishment is not specifically prescribed by statute shall be fined in such amount, or imprisoned for such term, or both, as the court, in its discretion, may determine."

It is a misdemeanor by reason of 11 *Del. C.* § 101(b) which provides that any crime not designated by law to be a felony is a misdemeanor.

The defendants argue that even though conspiracy is a misdemeanor it is an indictable offense within the meaning of Article I, Section 8 of the Constitution which prohibits criminal prosecution by information for any indictable offense.

The State, on the other hand, while agreeing that conspiracy is an indictable offense in the sense that prosecution could be commenced by presentment to the Grand Jury, nevertheless takes the position that as a misdemeanor prosecution could be commenced in the Superior Court by the filing of an information. It is argued, therefore, that conspiracy is not such an indictable offense as to fall within the prohibition of Article I, Section 8.

There is some authority to the effect that at common law misdemeanors could be prosecuted by the filing of an information, while indictment was required to prosecute for treason, a capital offense, or any felony. 3 *Chitty, Criminal Law* (1819) 910; 27 *Am. Jur.*, Indictments and Informations, § 5. In some states the distinction is still made but the test is made to depend on whether or not the punishment to be assessed for the crime is infamous. *Cf. Perry v. Bingham,* 265 *Ky.* 133, 95 *S. W.* 2d 1099; *Commonwealth v. Cano,* 389 *Pa.* 639, 133 *A.* 2d 800. This test would seem to be difficult to apply, however, because of the modern trend to eliminate as punishment for crime everything but fine and imprisonment, except forfeiture of some civil rights in this state upon convictions of felony.

In any event, we think the question is perhaps academic in this state. We are of this opinion because of the history of the development of the constitutional safeguard now found in Article I, Section 8. This development, we think, has to all practical intent abolished whatever distinction may have existed at common law.

This state's first Constitution was adopted in 1776, *Del. C. Ann.* By Section 14 of the Declaration of Rights it was provided that in all criminal prosecutions "every man hath a right to be informed of the accusation against him * * *." We may assume that this provision did no more than provide for the common law method of prosecution for crime, including whatever difference existed between the manner of charging felonies and misdemeanors.

In the Constitution of 1792, *Del. C. Ann.*, however, we think the basic law concerning prosecution for crime was changed by Article I, Section 8 which, for the first time, provided that "no person shall for any indictable offense be proceeded against criminally by information, * * *." This conclusion is strengthened by the absence from the 1792 Constitution of any exceptions to the requirement of Article I, Section 8, such as are now found in the Constitution of 1897.

This prohibition was carried forward as Article I, Section 8 of the Constitution of 1831. At the same time, however, was included Article VI, Section 15, which excepted from the provisions of Article I, Section 8 prosecution for minor crimes, jurisdiction over which had been conferred upon the inferior courts by the General Assembly. With respect to such minor crimes the General Assembly was specifically authorized to provide for prosecution with or without indictment by Grand Jury. The delegates to the 1831 Convention were well aware that Article VI, Section 15 was effecting a change in the prior requirement that all prosecution be commenced by indictment. That such is the fact is made clear from the debate on the subject during which the most compelling argument advanced in favor of the proposal was that the requirement that all crimes, whether major or minor, be prosecuted by presentment to the Grand Jury, and trial by Petit Jury, placed an inordinate amount of expense on the several counties. This consideration led to the approval of Article VI, Section 15. *Gouge's Debates,* 190.

The change in the basic criminal law thus made in 1831 was carried forward in the Constitution of 1897 which contains in Article I, Section 8, verbatim the language of Article I, Section 8 of the Constitution of 1831. The Constitution of 1897 also, in Article IV, Section 28, contains the proviso that in the prosecution of the minor crimes over which the inferior courts are given jurisdiction, the requirements of indictment by the Grand Jury, in the discretion of the General Assembly, may be dispensed with.

 It thus follows, from the foregoing, that all crimes in Delaware are indictable offenses in the sense that if prosecution is commenced in the Superior Court there must be first a presentment to the Grand Jury. It also follows, however, that with respect to misdemeanors, jurisdiction of which has been properly conferred upon the inferior courts, the prosecution may be commenced by the filing of an information, if the General Assembly so provides.

The right of the State therefore to proceed against these defendants by information depends upon whether or not jurisdiction of conspiracy has been properly conferred upon the Municipal Court of the City of Wilmington pursuant to Article IV, Section 28. The reasons for this will appear more plainly in the discussion under Question (2).

■ The answer to Question (1), therefore, is that conspiracy is not an "indictable offense" in the sense that under all circumstances prosecution for it must be commenced by indictment.

(2) Whether Article IV, Section 28 of the aforesaid Constitution authorizes the General Assembly to confer blanket jurisdiction over misdemeanors upon the inferior, or legislative courts; or whether such jurisdiction may be granted only by a statute or statutes which specifically enumerate the misdemeanors, jurisdiction over which is sought to be granted.

Article IV, Section 28 of the Constitution, provides as follows:

"Section 28. The General Assembly may by law give to any inferior courts by it established or to be established, or to one or more justices of the peace, jurisdiction of the criminal matters following, that is to say—assaults and batteries, carrying concealed a deadly weapon, disturbing meetings held for the purpose of religious worship, nuisances, and such other misdemeanors as the General Assembly may from time to time, with the concurrence of two-thirds of all the Members elected to each House, prescribe.

"The General Assembly may by law regulate this jurisdiction, and provide that the proceedings shall be with or without indictment by grand jury, or trial by petit jury, and may grant or deny the privilege of appeal to the Superior Court; provided, however, that there shall be an appeal to the Superior Court in all cases in which the sentence shall be imprisonment exceeding

one (1) month, or a fine exceeding One Hundred Dollars ($100.00)."

The manner of appeal from the Municipal Court to the Superior Court is by trial *de novo* upon information filed by the Attorney General based on the transcript of the record of the court below. *State v. Donaghy*, 6 *Boyce* 467, 100 *A*. 696.

By 11 *Del. C.* § 2701(d) the General Assembly conferred upon the Municipal Court of Wilmington jurisdiction "to hear, try and finally determine all misdemeanors alleged to have been committed in the City of Wilmington." Prior to the enactment of the 1953 *Code* jurisdiction over specific misdemeanors had been conferred upon the Municipal Court by a series of statutes. In the revision note appended to § 2701 it is explained that the purpose of subsection (d) was to vest general jurisdiction over misdemeanors in the Municipal Court. The section, therefore, constitutes a change in the prior law expanding the jurisdiction of this court. The 1953 *Code* having been enacted is a true code and upon enactment validly effected changes in the prior law resulting from the codification. The result is, therefore, that the General Assembly must be held to have intended, pursuant to the authority conferred upon it by Article IV, Section 28, to confer blanket jurisdiction over misdemeanors upon the Municipal Court. *Monacelli v. Grimes*, 9 *Terry* 122, 99 *A*. 2d 255. It is this action which the defendants now contest.

The defendants argue that Article IV, Section 28, authorizing the General Assembly to confer jurisdiction upon statutory courts of such other misdemeanors as it may from time to time prescribe, restricts the General Assembly in so doing to the vesting of jurisdiction over specifically designated misdemeanors. Necessarily, therefore, it is argued that Section 28 prohibits a blanket vesting of jurisdiction in the statutory courts over all misdemeanors generally.

The first point made by the defendants is that since several misdemeanors are specifically listed in Article IV, Section 28, that fact is persuasive that it was not intended to confer authority to grant blanket jurisdiction. Defendants point also to the phrase authorizing the General Assembly to act in this respect "from time to time" as being indicative of the prohibition against granting jurisdiction in general terms.

Defendants refer us to the proceedings of the Constitutional Convention of 1897. 3 *Constitutional Debates* 1897, 1789 *et seq.* We have read this portion of the Debates and it seems to us clear that the remarks of the delegates do not support the defendants' contention. The Debate on Article IV, Section 28 was directed exclusively to the desirability of providing in the Constitution, itself, a guarantee that no person should suffer a penalty over a certain minimum without having at some stage of the prosecution been given a trial by jury. There is no suggestion in the Debates, themselves, that the members of the Convention were concerned with the manner in which the General Assembly would exercise the authority conferred upon it by Section 28. Once a provision had been included in Section 28 guaranteeing an appeal from the statutory courts to the then Court of General Sessions where a trial *de novo* before a jury would take place, the proposed Section 28 was adopted.

It is not without significance, it seems to us, that Article IV, Section 28 as finally approved was patterned upon Article VI, Section 15 of the Constitution of 1831 which had authorized the General Assembly by law to confer jurisdiction upon inferior courts only of certain enumerated minor crimes and left to the discretion of the General Assembly the grant or denial of trial by jury and the right of appeal. It was the inclusion in the proposed Article IV, Section 28 of the new Constitution of authority to confer jurisdiction over all misdemeanors generally that provoked the debate which finally led to the inclusion of the guarantee of the right of appeal in the proposal. There is no suggestion in the remarks of any of the delegates

to the Convention that the manner of exercise of the granted authority, *i.e.*, by name or of misdemeanors generally, was of any concern to the Convention.

It was of no apparent concern to the Convention, nor can we see any useful purpose to be served by requiring of the General Assembly separate acts to confer jurisdiction over misdemeanors upon the statutory courts. We can conceive of no reason why the conferring of jurisdiction generally over all misdemeanors would encroach upon the liberties of the citizens. Those liberties and rights are preserved by the right of appeal guaranteed by the Constitutional provision. This right is insured irrespective of the manner in which the General Assembly has conferred jurisdiction over misdemeanors upon the statutory courts.

We thus conclude that by reason of Article IV, Section 28 it lies within the power of the General Assembly to confer jurisdiction upon inferior courts over all misdemeanors without the necessity of naming them severally, and that the exception provided in Article XV, Section 7 removes the prosecution of such misdemeanors from the necessity of presentment to the Grand Jury.

(3) Whether Article IV, Section 28 of the aforesaid Constitution is applicable to all misdemeanors, including those at common law, or only to those created by the General Assembly.

We are unable to follow the argument made by the defendants under this question. They apparently seek to draw a distinction between common-law misdemeanors and misdemeanors created by statute. If there is a distinction it is one without a difference since, as a matter of fact, 11 *Del. C.* §§ 101 and 105 make misdemeanors of all offenses indictable at common law not otherwise provided for by statute. We would suppose it could be successfully argued that all misdemeanors under Delaware law are statutorily created.

The answer to Question (3) is that Article IV, Section 28 is applicable to all misdemeanors made crimes under Delaware law.

(4) Whether Section 2701(d), Title 11, *Delaware Code of 1953*, which by its terms gives to the Municipal Court for the City of Wilmington jurisdiction over all misdemeanors committed within the said City, represents a valid exercise by the General Assembly of the authority granted to it under the aforesaid Article IV, Section 28 of the Delaware Constitution.

The defendants and the State are agreed that this question is concomitant with Question (2) and is to be answered in the same manner.