**COMMONWEALTH of Kentucky ex rel. John B. BRECKINRIDGE, Attorney General, Petitioner,**

v.

**Thomas A. NOE, Jr., Judge, Simpson Circuit Court, etc., Respondent.**

**COMMONWEALTH of Kentucky, Appellant,**

v.

**Isaac HOLLINGSWORTH, Appellee. Consolidated Cases.**

Court of Appeals of Kentucky.

June 22, 1962.

**530**

John B. Breckinridge, Atty. Gen., for petitioner.

No attorney for respondent.

John B. Breckinridge, Atty. Gen., Joe Nagle, Asst. Atty. Gen., Frankfort, for appellant.

J. Reid Caudill, Bowling Green, Hugh L. Hollingsworth, Russellville, for appellee.

STEWART, Chief Justice.

The facts, which are undisputed in the record, disclose that on April 6, 1962, one Isaac Hollingsworth was convicted in the Simpson quarterly court of operating a place of entertainment without a permit in violation of KRS 231.020. He was fined $200 and sentenced to 90 days in jail, the maximum punishment that may be inflicted under this statute. Hollingsworth subsequently appealed to the Simpson Circuit Court. On April 11, 1962, there was filed in circuit court, in connection with this criminal appeal but not as an independent action, a petition for a writ of prohibition, styled "Commonwealth of Kentucky, appellee, versus Isaac Hollingsworth, appellant."

On the same date, a temporary writ of prohibition issued restraining the judge of the Simpson quarterly court from proceeding against Hollingsworth "by way of a warrant for the operation of a 'roadhouse' or 'place of entertainment' without a license until such time as a hearing may be had to determine the question of whether or not this writ of prohibition shall become a permanent one until the appeal is finally decided."

The instant original action seeks to nullify the temporary writ and to prohibit the circuit judge from interfering with the authority of the quarterly court to issue warrants for violations of KRS 231.020. An appeal has been taken from the temporary writ (which is an interlocutory order) granted by the trial judge in the case of Commonwealth versus Hollingsworth. Without objection, the circuit court proceeding and the original action were consolidated.

■ It is to be noted that the judge of the Simpson quarterly court was not made a party to the petition in circuit court wherein the trial judge by what amounted to an ex parte order prohibited that official from issuing additional warrants against Hollingsworth based upon other violations of the same law. Consequently, as the judge of the Simpson quarterly court was never brought before the Simpson Circuit Court, the latter was never empowered to

exercise any jurisdiction over the former in respect to the restraining action taken. However, even if the judge of the quarterly court had been included in the petition, the prohibition proceeding against him would not lie under the facts presented.

■ Attention is called to the fact that the penalty for a violation of KRS 231.020, as provided by KRS 231.990(1), is a fine of not more than $200 or confinement in jail of not more than 90 days, or both. It is also pointed out that, by the terms of KRS 25.010, a quarterly court's jurisdiction extends to a fine of $500 and imprisonment in jail for 12 months. Therefore it is apparent the quarterly court judge had clear authority to issue a warrant against Hollingsworth and to try and determine the action for a violation of KRS 231.020.

In Potter v. Trivette, 303 Ky. 216, 197 S.W.2d 245, Potter sought in circuit court a writ of prohibition to prevent Trivette, a police judge of Pikeville, from trying him on an illegal parking charge. The opinion, after stating that the police court was fully vested with jurisdiction to try the case, upheld the judgment of the trial court in dismissing Potter's petition. It made this statement which applies in every particular to the jurisdictional question now before us:

"It is well settled that circuit courts in this Commonwealth have no prohibitive jurisdiction against inferior courts where the inferior court is acting within its jurisdiction, even though such jurisdiction has been or is threatened to be erroneously exercised. If the inferior court is proceeding erroneously within its jurisdiction, and irreparable injury will result to a litigant, with no adequate remedy for relief, then the prohibitive jurisdiction lies in this court (Court of Appeals) under Section 110 of the Constitution."

Wherefore, the Simpson Circuit Court is prohibited from interfering with the authority of the Simpson quarterly court to issue warrants and try and determine offenses involving violations of KRS 231.020, and the appeal, being from an interlocutory order, is dismissed.