**Maurice E. HETTICH et al., Petitioners,**

v.

**William Gillis COLSON, Judge of Louisville Police Court, Respondent.**

Court of Appeals of Kentucky.

Feb. 22, 1963.

Motion to Reconsider, Revise and Modify Opinion Denied May 10, 1963.

Allen Schmitt, Louisville, for petitioners.

William A. Stephenson, Louisville, for respondent.

MILLIKEN, Judge.

This is an original action in this Court requesting us to prohibit the respondent from enforcing an order of October 23, 1962, which canceled the licenses of the claimants, issued by the City of Louisville, to act as professional bondsmen for the issuance of bail bonds in the City Police Court.

The petitioners assert that the respondent canceled their licenses without just cause and that there is no remedy of appeal to the Circuit Court. After a hearing before the respondent, the petitioners prayed the Jefferson Circuit Court for an order restraining the respondent from enforcing his order revoking the petitioners' licenses, and the Circuit Court denied relief on the ground that the respondent was acting within his jurisdiction in a judicial capacity and the Circuit Court had no power to act. Commonwealth ex rel. Breckinridge v. Noe, Ky., 358 S.W.2d 529; Potter v. Trivette, 303 Ky. 216, 197 S.W.2d 245.

Old Civil Code Section 479 limited circuit courts from controlling an inferior court by writ of prohibition except when the latter was "proceeding in a matter outside its jurisdiction," leaving to this Court (the Court of Appeals) the issuance of such writs under Section 110 of the Constitution when the inferior court was acting erroneously within its jurisdiction and a remedy by appeal was inadequate, and irreparable injury would occur to the party pending appeal. However, that section of the Civil Code has been repealed and such writs are now governed by CR 81.

In view of the fact that the Circuit Court now has jurisdiction in the premises (CR 81) and had decided this case on the theory that it did not have jurisdiction under our former case law and Section 479 of the Civil Code, we are not justified in granting the relief prayed. Since the Circuit Court here did not adjudicate the merits of the controversy but denied relief as aforesaid, the petitioners may pursue the action further in the Circuit Court where a hearing and adjudication may be had on the merits of the controversy.

Prohibition is denied.