**William G. BURTON, Petitioner,**

v.

**JUDGE, OWENSBORO POLICE COURT, Owensboro, Kentucky, Respondent.**

Court of Appeals of Kentucky.

June 26, 1964.

William G. Burton, pro se.

Joseph L. Banken, Owensboro, pro se.

MOREMEN, Judge.

Petitioner, William G. Burton, a prisoner confined in the Kentucky State Penitentiary, has filed an original action in this Court. He states that about 1957 a warrant was issued from the Owensboro Police Court and sent to the State Penitentiary where it has been filed as a detainer; that on several occasions he has requested a trial in said court but to date has not received one. It appears that over the years various authorities have shown no intention of returning him to Owensboro for trial and to all purposes the prosecution seems to have been abandoned. He prays that this Court issue a writ of mandamus ordering the Judge of the Owensboro Police Court to grant him an immediate trial or dismiss the charges against him, and to order the detainer withdrawn.

The Hon. Joseph L. Banken, Judge of the Owensboro Police Court, has filed answer in which he states that he has requested the warrant in question to be withdrawn from the State Penitentiary at Eddyville and returned to the Owensboro Police Court. We assume that this evidences an intention by the court to dismiss the case pending against petitioner or to grant a speedy trial.

The petitioner has erroneously proceeded in this case: first, because the circuit court has jurisdiction to provide adequate relief in mandamus proceedings directed to courts inferior to it. CR 81. Hettich v. Colson, Ky., 366 S.W.2d 907; Cunnigan v. Jones, Ky., 371 S.W.2d 624; Coffey v. Anderson, Ky., 371 S.W.2d 624; and Howell v. Wilson, Ky., 371 S.W.2d 627; second, the petitioner proceeded in this case against, "Judge, Owensboro Police Court," instead of proceeding against the judge himself which we have several times held to be improper. However, since Judge Banken did answer, and particularly in view of the fact that the matter complained of by the petitioner has been settled, we will ignore these technical defects in the proceeding.

Wherefore the petition for mandamus is dismissed.